**[PUBLISH]**

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 8, 2004
THOMAS K. KAHN
CLERK

_____

No. 03-14118
Non-Argument Calendar

_____

D.C. Docket No. 02-03131-CV-WBH-1

FRANK A. SKINNER,

Petitioner-Appellant,

versus

RON WILEY, Warden,

Respondent-Appellee.

_____

Appeal from the United States District Court for the
Northern District of Georgia

_____

(January 8, 2004

Before TJOFLAT, DUBINA and MARCUS, Circuit Judges.

PER CURIAM:

Appellant Frank A. Skinner filed the instant petition, pursuant to 28 U.S.C.

§ 2241, claiming that federal officials (1) planted narcotics in his prison locker; (2)

illegally processed the incident report while he remained in segregation; and (3) pretended to give evidence to the Federal Bureau of Investigation to conduct an investigation. Skinner also alleged that his grievances were rejected and the staff tampered with his mail. The district court dismissed Skinner's § 2241 petition for, among other things, failure to exhaust administrative remedies as required under § 1997e(a) of the Prison Litigation Reform Act (PLRA). On appeal, Skinner argues that the district court erred in determining that he had not exhausted his administrative remedies. Skinner also argues the merits of his petition.

We review *de novo* the district court's denial of habeas relief under § 2241. *Cook v. Wiley*, 208 F.3d 1314, 1317 (11th Cir. 2000).

After reviewing the record, we conclude that the district court did not err in determining that Skinner failed to exhaust his administrative remedies, although it did err in determining that the PLRA applied to Skinner's habeas petition. We, like several other circuits, have held that the PLRA does not apply to habeas petitions because (1) habeas petitions are not traditional civil actions; (2) Congress designed the PLRA to reduce frivolous civil actions from prisoners; and (3) the Antiterrorism and Effective Death Penalty Act (AEDPA), which affects habeas petitions and motions to vacate, was enacted two days after the PLRA. *See Anderson v. Singletary*, 111 F.3d 801, 803-05 (11th Cir. 1997) (holding that the

2

PLRA's filing fee provisions do not apply in §§ 2254 and 2255 petitions); *see also Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001) (stating that the PLRA does not apply to § 2241 petitions); *Walker v. O'Brien*, 216 F.3d 626, 633-34, 636-37 (7th Cir. 2000) (holding that the PLRA does not apply to § 2241 and § 2254 petitions); *Blair-Bey v. Quick*, 151 F.3d 1036, 1040-42 (D.C. Cir. 1998) (holding that the PLRA filing fee provisions do not apply to habeas petitions); *Davis v. Fechtel*, 150 F.3d 486, 490 (5th Cir. 1998) (holding that the PLRA does not apply to § 2241 petitions); *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) (same).

We have not conclusively determined whether, despite the PLRA's inapplicability to habeas petitions, a prisoner is still required to exhaust his administrative remedies in all habeas cases. *See Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir. 1992) (holding that prisoner who was denied parole was required to exhaust administrative remedies prior to filing § 2241 petition because "[e]xhaustion of administrative remedies is jurisdictional"); *see also Irwin v. Hawk*, 40 F.3d 347, 349 n.2 (11th Cir. 1994) (detailing the Bureau of Prisons' administrative remedy procedures and requiring a prisoner to exhaust his claim administratively when seeking injunctive relief). Our sister circuits, however, have consistently held that prisoners must exhaust administrative remedies before

habeas relief can be granted. *Carmona*, 243 F.3d at 630, 632, 634 (addressing §

2241 petition); *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (addressing § 2241

petition); *Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir. 1981) (discussing

habeas petitions in general); *United States ex rel. Sanders v. Arnold*, 535 F.2d 848,

850-51 (3rd Cir. 1976) (same); *Willis v. Ciccone*, 506 F.2d 1011, 1014-15, n.3 (8th

Cir. 1974) (same). We agree with the reasoning of our sister circuits and hold that

prisoners seeking habeas relief, including relief pursuant to § 2241, are subject to

administrative exhaustion requirements.

Upon review of the record and the parties' briefs, we conclude that Skinner

was required to exhaust his administrative remedies and failed to do so. Because

his failure to exhaust administrative remedies resolves this appeal, we decline to

discuss the merits of Skinner's petition. Accordingly, we affirm the judgment of

dismissal.

**AFFIRMED.**