[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 13, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-11543
Non-Argument Calendar

_____

D. C. Docket No. 03-02506-CV-H-S

CHARLES EDWARD POWELL, JR.

Petitioner-Appellant,

versus

MARTHA L. JORDAN, Warden, Federal Correctional
Institution, Talladega AL.,
ATTORNEY GENERAL OF THE UNITED STATES,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(December 13, 2005)

Before DUBINA, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Appellant Charles Edward Powell, a federal prisoner appeals *pro se* the denial, on the merits, of his habeas corpus petition, 28 U.S.C. § 2241, in which he contends that he has completely served his federal sentences. Powell was arrested and held on Alabama state charges prior to having his federal probation revoked and an 18-month sentence imposed on federal charges to run consecutively to any sentence imposed for the pending state charges. While still imprisoned in Alabama, Powell pleaded guilty to federal charges and received a 46-month consecutive federal sentence. Powell argues that the district court's finding that he failed to exhaust administrative remedies was incorrect because pursuing an administrative remedy would have been futile and a waste of resources, he had attempted preliminary informal inquiries by requesting that his release date be verified, and his remedies were waived when the warden forwarded his inquiry to the BOP's regional administrator. He also argues that he was not required to seek administrative remedies because he was challenging the manner and condition of his sentence. On the merits, he argues that the denial of his petition should be reversed because it was based on the misrepresentation that he was in state custody at the time of his Alabama arrest, but he was actually under federal custody at the time because he was serving a term of supervised release. He contends that the record does not show an agreement between the federal and state government

2

regarding whether his federal or state sentence should be served first, and there is no evidence that the state sought primary custody of him. He argues that the government and the district court ignored the fact that his state sentence was ordered to run concurrently to his federal sentence. He also argues that he began to serve his federal sentence on February 23, 1999, after he received his first federal sentence and was taken into custody by the United States Marshal ("Marshal"), and his incarceration in county jail was the practical equivalent to federal incarceration. Lastly, he argues that there is no proof in the record that the federal court ever surrendered custody of him to the state and, thus, he is entitled to 638 days credit against his federal sentence for the total amount of time he spent in state prison.

When reviewing the district court's denial of a habeas petition, we review questions of law and mixed questions of law and fact *de novo*, and findings of fact for clear error. *LeCroy v. Sec'y, Florida Dept. of Corr.*, 421 F.3d 1237, 1259 (11th Cir. 2005) (§ 2254 petition). Typically, collateral attacks on the validity of a federal sentence must be brought under § 2255. *Darby v. Hawk-Sawyer*, 405 F.3d 942, 944 (11th Cir. 2005). Section 2241 provides a limited, additional basis for habeas actions brought by federal prisoners. 28 U.S.C. § 2241. Prisoners seeking relief pursuant to § 2241 are subject to administrative exhaustion requirements. *Skinner v. Wiley*, 355 F.3d 1293, 1295 (11th Cir.) *cert. denied*, 541 U.S. 1036 (2004).

Title 28 § 542.10 *et. seq.*, of the Code of Federal Regulations sets out the process by which a federal prisoner can "seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Pursuant to the procedure, an inmate must first present an issue of concern informally to staff, unless the informal resolution attempt is waived by the warden, and then must submit a formal written request (BP-9). *Id.* at §§ 542.13(a),(b), 14(a). An inmate who is not satisfied with the warden's response may submit an appeal on the appropriate form (BP-10) to the appropriate regional director, and if he is not satisfied with the regional director's response, may submit an appeal on the appropriate form (BP-11) to the general counsel. *Id.* at § 542.15(a). The only potentially applicable exception to the formal process is that an inmate who reasonably believes the issue is sensitive and his safety and well-being will be placed in danger if the request becomes known at the institution may submit his complaint directly to the regional director. *Id.* at § 542.14(d)(1).

Pursuant to 18 U.S.C. § 3585:

> (a) Commencement of sentence.--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
> (b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the

4

date the sentence commences--
>(1) as a result of the offense for which the sentence was imposed; or
>(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>that has not been credited against another sentence.

"[I]f a defendant is in state custody and he is turned over to federal officials for federal prosecution, the state government's loss of jurisdiction is only temporary. The prisoner will be returned to state custody at the completion of the federal proceedings or the federal sentence if the federal government wishes to execute it immediately." *Causey v. Civiletti*, 621 F.2d 691, 693 (5th Cir. 1980).

The record clearly demonstrates that Powell never pursued the formal administrative remedy process and, thus, failed to exhaust his administrative remedies, and no exception applies. Additionally, Powell was not entitled to credit against his federal sentence for time he spent in federal custody pursuant to two writs of habeas corpus *ad prosequendum*, or for time he spent in state prison serving his state sentence. The record also shows that Powell was given credit on his federal sentence for time spent awaiting trial on state charges that was not credited against his state sentence. Therefore, because the district court correctly denied Powell's petition, we affirm its judgment.

**AFFIRMED.**

5