[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 16, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-16483
Non-Argument Calendar

_____

D.C. Docket No. 04-20121-CV-JLK

THOMAS HAROLD STIGER,

Petitioner-Appellant,

versus

LOREN GRAYER,
Warden,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 16, 2005)

Before ANDERSON, CARNES  and MARCUS, Circuit Judges.

PER CURIAM:

Thomas Harold Stiger, a federal prisoner, appeals the district court's order denying his pro se 28 U.S.C. § 2241 habeas corpus petition. In his petition, Stiger claimed that he was denied due process during his prison disciplinary proceedings, which resulted in his forfeiture of 27 days of good conduct time. Because Stiger filed his motion after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the provisions of that Act apply to this case.

On appeal, Stiger challenges the district court's denial of his § 2241 petition generally, and on several procedural grounds. Stiger first argues that the district court violated the procedural requirements of 28 U.S.C. § 2243 by denying him an opportunity to reply to the government's answer to his § 2241 petition. Next, Stiger claims that the court erred in denying his § 2241 petition based on the government's motion to dismiss the petition without an evidentiary hearing, asserting that the government never filed such a motion. Stiger further contends that the district court improperly relied on falsified evidence to conclude that the disciplinary hearing officer's ("DHO") finding that Stiger engaged in a fight with his cellmate was adequately supported. Stiger then repeatedly asserts that prison officials maliciously refused to produce an alleged videotape of the incident, which Stiger claims he would have offered at the DHO hearing to refute the false

accusation that he had fought with his cellmate. Finally, Stiger briefly claims that the district court erred in denying his other pending motions as moot.

Upon a thorough review of the record on appeal, and after consideration of the briefs of the parties to this Court, we find no reversible error.

We review de novo a district court's denial of habeas corpus relief under 28 U.S.C. § 2241. United States v. Skinner, 355 F.3d 1293, 1294 (11th Cir.), cert. denied, 541 U.S. 1036 (2004).

The Supreme Court has held that, when a prison disciplinary proceeding may result in the loss of good time credits, a prisoner is entitled to three procedural protections: (1) advance, written notice of the charges against him and at least 24 hours to prepare a defense; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his own behalf; and (3) a written statement by the factfinder of the evidence relied upon and the reasons for the disciplinary action. Wolff v. McDonnell, 418 U.S. 539, 563-66, 94 S.Ct. 2963, 2978-80, 41 L.Ed.2d 935 (1974). The Court since has clarified that the revocation of good time credits satisfies the minimal requirements of due process if the findings of the disciplinary officer are supported by "some evidence." Superintendent, Mass. Correctional Inst. v. Hill, 472 U.S. 445, 455, 105 S.Ct. 2768, 2774, 86 L.Ed.2d 356 (1985). In ascertaining

whether this standard has been met, courts are not required to examine the entire record, independently assess witness credibility, or weigh the evidence. Id. Rather, the "relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Id. at 455-56, 105 S.Ct. at 2774.

Because some evidence supported the prison disciplinary committee's finding that Stiger engaged in a fight with his cellmate, the committee's decision sanctioning Stiger with the loss of 27 days of good conduct time did not violate due process, and the district court correctly denied Stiger's § 2241 petition. Further, the record shows that Stiger filed a reply to the government's answer and that the government in its response to the district court's show-cause order requested that the district court deny Stiger's petition without a hearing. Ample evidence supports the finding that there was no reliance on falsified evidence and that no videotape existed. Finally, because the district court correctly denied his § 2241 petition, Stiger's remaining motions were moot.

For the foregoing reasons, the judgment of the district court is

**AFFIRMED.**