[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUL 06, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-11018
Non-Argument Calendar
_____

D. C. Docket No. 06-00033-CV-OC-10GRJ

ROBERT CLARENCE POTTS, III,

Petitioner-Appellant,

versus

WARDEN, FCC Coleman - USP,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(July 6, 2006)**

Before BLACK, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Federal prisoner Robert Clarence Potts, III, appeals the district court's dismissal of his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Potts claims his constitutional rights were violated because he was sentenced for drug quantities neither charged in the indictment nor proven to a jury beyond a reasonable doubt, in violation of *Apprendi v. New Jersey*, 120 S. Ct. 2348 (2000), *Blakely v. Washington*, 124 S. Ct. 2531 (2004), and *United States v. Booker*, 125 S. Ct. 738 (2005). Potts also claims he is actually innocent of the offense. We affirm the district court's denial of Potts' petition.

"We review *de novo* the district court's denial of habeas relief under § 2241." *Skinner v. Wiley*, 355 F.3d 1293, 1294 (11th Cir. 2004). Typically, collateral attacks on the validity of a federal conviction or sentence are brought under 28 U.S.C. § 2255. *Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir. 2003). However, under limited circumstances, a provision of § 2255 permits a federal prisoner to file a habeas petition pursuant to § 2241. *Id.* That provision, known as the "savings clause," provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255.  Accordingly, a court may entertain a § 2241 petition attacking custody resulting from a federally imposed sentence if the petitioner establishes the remedy provided for under § 2255 is inadequate or ineffective.  *Sawyer*, 326 F.3d at 1365.  The savings clause only applies when (1) the petitioner's claim is based on a retroactively applicable Supreme Court decision; (2) the holding of that decision establishes the prisoner was convicted of a "nonexistent offense"; and (3) "circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion."  *Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999).  We have held the constitutional rules announced in *Apprendi*, *Blakely*, and *Booker* do not apply retroactively on collateral review.  *Varela v. United States*, 400 F.3d 864, 867-68 (11th Cir.), *cert. denied*, 126 S. Ct. 312 (2005); *McCoy v. United States*, 266 F.3d 1245, 1258 (11th Cir. 2001).

Potts is challenging the validity of his sentence, which should have been raised in a § 2255 motion, yet he admits he never filed one.  The district court did not err in denying Potts' § 2241 petition because the savings clause does not apply to his claim.  He cannot meet the initial prong of the savings clause test in *Wofford* because his claim is based on Supreme Court decisions that we have expressly held are not retroactively applicable on collateral review.

Potts' contention that *Apprendi* should have been applied retroactively to his case because he raised an *Apprendi*-based claim in his first petition for writ of *certiorari* lacks merit because he did not raise his *Apprendi* claim on direct appeal. We do not examine the other prongs of the *Wofford* test because Potts must meet all three in order to proceed. Additionally, we do not examine Potts' actual innocence claim because a petitioner may not assert actual innocence until he has "open[ed] the portal" to a § 2241 proceeding by demonstrating that § 2255's savings clause applies to his claim. *See Wofford*, 177 F.3d at 1244 n.3.

AFFIRMED.