[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 22, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-16663
Non-Argument Calendar

_____

D. C. Docket No. 05-00179-CV-5-RS-WCS

JOHN KENNEY,

Petitioner-Appellant,

versus

JOSE BARRON, JR.,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(June 22, 2007)**

Before ANDERSON, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

Federal prisoner John Kenney, proceeding pro se, appeals the district court's denial of his 28 U.S.C. § 2241 habeas corpus petition challenging a prison disciplinary proceeding in which he was found guilty of fighting another inmate. The hearing resulted in a 27-day disallowance of good time credit and a 20-day period of disciplinary segregation. Kenney argues that his due process rights were violated when prison officials refused to provide him with a document that he requested before the hearing, and he contends that he was entitled to this document under the principles of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Kenney also argues that the hearing officer violated his due process rights by using a "some evidence" standard for the initial factfinding in his proceeding.

We conduct a de novo review of a district court's denial of habeas corpus relief under 28 U.S.C. § 2241. Skinner v. Wiley, 355 F.3d 1293, 1294 (11th Cir. 2004). The Supreme Court has held that when a prison disciplinary proceeding may result in the loss of good time credits, a prisoner is entitled to the following three procedural protections: (1) advance, written notice of the charges against him and at least 24 hours to prepare a defense; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his own behalf; and (3) a written statement by the

factfinder of the evidence relied upon and the reasons for the disciplinary action. Wolff v. McDonnell, 418 U.S. 539, 563-66, 94 S.Ct. 2963, 2978-80, 41 L.Ed.2d 935 (1974). Here, Kenney claims that his second due process right, to present documentary evidence, was violated when prison officials did not turn over an investigation report that concluded that Kenney acted in self-defense.

We have never held that the principles of Brady extend to prison disciplinary hearings, and we need not decide that issue in this case. To establish a Brady violation, a defendant must prove that: (1) the government possessed evidence favorable to the defense; (2) the defendant did not possess the evidence and could not obtain it with any reasonable diligence; (3) the prosecution suppressed the evidence; and (4) a reasonable probability exists that the outcome of the proceeding would have been different had the evidence been disclosed to the defense. Moon v. Head, 285 F.3d 1301, 1308 (11th Cir. 2002). "[T]he materiality standard for Brady claims is met when the favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." Banks v. Dretke, 540 U.S. 668, 698, 124 S.Ct. 1256, 1276, 157 L.Ed.2d 1166 (2004) (citation and internal quotation omitted).

Here, the conclusion in the investigation report that Kenney acted in self-defense was based on information that the hearing officer also considered. The

3

hearing officer considered additional information, however, and was persuaded by an eyewitness account from a member of the prison staff who observed the altercation via a television monitoring system. Thus, assuming that the hearing officer did not consider the investigation report, there is no reasonable probability that consideration of the investigator's conclusion, which appears to have been based on less information than the hearing officer had, would have changed the outcome of the proceeding. Accordingly, even if Brady applies, Kenney has not shown that there was a due process or Brady violation.

The Supreme Court clarified that the revocation of good time credits satisfies the minimal requirements of due process if the findings of the disciplinary officer are supported by "some evidence." Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455, 105 S.Ct. 2768, 2774, 86 L.Ed.2d 356 (1985). In ascertaining whether this standard has been met, courts are not required to examine the entire record, independently assess witness credibility, or weigh the evidence. Id. Rather, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Id. at 455-56, 105 S.Ct. at 2774.

Although Kenney contends that the hearing officer applied the "some evidence" standard, this argument is without merit because it was the district court

4

that applied the "some evidence" standard and the hearing report reflects that the hearing officer considered all of the evidence presented. To the extent that Kenney challenges the use of the "some evidence" standard by reviewing courts, his argument is foreclosed by Supreme Court precedent. Hill, 472 U.S. at 455, 105 S.Ct. at 2774. Moreover, a review of the evidence in this case reveals satisfaction of the "some evidence" standard.

Accordingly, the minimal requirements of due process that are applicable to prison disciplinary proceedings have been satisfied in this case. Therefore, upon careful review of the record on appeal and consideration of the parties' briefs, we discern no reversible error.

**AFFIRMED.**