[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 9, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-10439
Non-Argument Calendar

_____

D. C. Docket No. 06-01498-CV-RLV-1

CORNELIUS MARTIN, II,

Petitioner-Appellant,

versus

WARDEN MICHAEL ZENK,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(August 9, 2007)**

Before DUBINA, CARNES and KRAVITCH, Circuit Judges.

PER CURIAM:

Cornelius Martin, II, a federal prisoner proceeding pro se, appeals the

district court's dismissal of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 for failure to exhaust all available administrative remedies. For the reasons that follow, we affirm.

## I. BACKGROUND

### A. The BOP's Grievance and Administrative Remedy Process

The Federal Bureau of Prisons ("BOP") makes available to all inmates a process for filing grievances and seeking review of any resolution of those grievances. The inmate must first submit a formal administrative remedy request on the appropriate form (BP-9) within 20 days of the event forming the basis of the request. 28 C.F.R. § 542.14(a). After the Warden has responded to the inmate's request, the inmate may submit an appeal on the appropriate form (BP-10) to the Regional Director for the BOP geographic region in which the inmate is incarcerated. Id. § 542.15(a). This appeal must be filed within 20 days after the date the Warden signed the response to the inmate's administrative request. Id. Once the Regional Director has responded, the inmate may submit an appeal on the appropriate form (BP-11) to the BOP's General Counsel within 30 days of the date the Regional Director signed the response. Id. "Appeal to the General Counsel is the final administrative appeal." Id.

In responding to an inmate's administrative request, the BOP must adhere to

2

the following time limits:

> Once [a Request is] filed, response shall be made by the Warden or CCM within 20 calendar days; by the Regional Director within 30 calendar days; and by the General Counsel within 40 calendar days. . . . Staff shall respond in writing to all filed Requests or Appeals. *If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level.*

Id. § 542.18 (emphasis added).

### B. Facts Underlying Martin's Habeas Petition

On June 22, 2006, Martin, who is currently serving a 37-month sentence for wire fraud, filed a pro se petition for habeas corpus pursuant to 28 U.S.C. § 2241 seeking relief from the BOP's denial of his request to be transferred to a Residential Drug Abuse Program ("RDAP").

According to Martin, he submitted an informal administrative remedy request using a BP-8 form regarding his entry into the RDAP to "Counselor Fairley" on May 24, 2006, but Fairley advised him that there was no remedy at the "informal level." Martin claims that after Fairley provided him with a BP-9, he personally delivered both a BP-8 (informal request) *and* a completed BP-9 (formal request) to Fairley's office on May 25, 2006. Martin attached a copy of a BP-9, dated May 24, 2006, to his § 2241 habeas petition as "Exhibit L."

On June 15, 2006, Martin received a response to his BP-8 request from BOP

3

officials, advising Martin to submit his original BP-8 request to the Unit Manager when resolution is accepted or to forward the BP-8 request with a BP-9 if informal resolution cannot be reached. The response also indicated that a BP-9 form was provided to Martin on June 15th. Martin submitted a BP-9 request on June 15, 2006, which the BOP received on June 20th.

In addition to the May BP-9 request, Martin also attached a copy of a BP-10 request to his habeas petition as "Exhibit P." In this BP-10, dated June 19th, Martin stated that:

> On May 24, 2006, I submitted a BP-9 to Counselor Fairley at DCU Atlanta, for re-consideration of my disqualification to the RDAP. It was returned to me on June 15, 2006 unanswered. Per the ARP § 542 I am to consider such time passage to be a denial. I therefore seek the following relief.
> <u>REQUESTED RELIEF</u>
> I request reconsideration for qualification for the RDAP. . . .

As stated above, on June 22, 2006, Martin filed a petition for habeas corpus pursuant to § 2241 challenging the BOP's failure to place him in a RDAP based on his status as a disabled inmate. On June 30th, the Warden denied Martin's June 15th BP-9.

On July 8th, Martin submitted a BP-10 appealing the Warden's denial of his June 15th BP-9 request. On July 13th, the Regional Remedy Coordinator sent Martin a rejection notice advising Martin that his BP-10 had been received, but that

4

he had failed to provide a copy of his BP-9 or the Warden's response to that BP-9. The regional rejection notice also advised Martin that he could resubmit his BP-10 appeal with the proper forms within 10 days.

Rather than resubmit the rejected BP-10, Martin submitted a BP-11 appeal. On July 28th, the Central Office Administrative Remedy Coordinator issued a rejection notice advising Martin that his BP-11 had been received, but that he had failed to provide copy of his BP-10 or the official response to that BP-10. This rejection notice also advised Martin that he could resubmit his BP-11 in the proper form within 15 days.

The Government filed a motion to dismiss Martin's habeas petition on the ground that he failed to exhaust all available administrative remedies provided by the BOP before filing his petition. The magistrate judge entered a Report and Recommendation, concluding that Martin failed to exhaust all available administrative remedies and that he failed to show grounds to excuse him from the exhaustion requirement. The magistrate judge thus recommended that the district court dismiss Martin's petition without prejudice for failure to exhaust. In a written order, the district court adopted the magistrate's Report and Recommendation. The court also held that even had Martin exhausted all administrative remedies, the petition was denied on the merits because he failed to

5

show that successful completion of the RDAP would result in a decrease of his sentence. Martin now appeals.

## II. DISCUSSION

When reviewing the district court's denial of a habeas petition, we review questions of law de novo, mixed questions of law and fact de novo, and findings of fact for clear error. LeCroy v. Sec'y, Fla. Dep't of Corr., 421 F.3d 1237, 1259 (11th Cir. 2005).

Prisoners seeking habeas relief pursuant to § 2241 are subject to administrative exhaustion requirements. Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir.) ("[A] prisoner is . . . required to exhaust his administrative remedies in all habeas cases."), cert. denied, 541 U.S. 1036, 124 S.Ct. 2112, 158 L.Ed.2d 722 (2004). And this court has held that "[e]xhaustion of administrative remedies is jurisdictional." Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992) (holding that prisoner who was denied parole was required to exhaust administrative remedies before filing a § 2241 petition).

### A. Martin's May 24, 2006 Administrative Remedy Request

On appeal, Martin first asserts that he submitted a BP-9 request on May 25, 2006, but he received this BP-9 from the Warden unanswered on June 15, 2006. Thus, according to Martin, when "the Warden flouted" federal rules and

6

regulations by failing to answer his request, this constituted a full exhaustion of all available remedies regarding that request so that the Government should be estopped from raising "failure to exhaust" as an affirmative defense. We disagree.

Even assuming that Martin's BP-9 request was properly submitted on or about May 25th, and that he properly submitted a BP-10 appeal of the Warden's apparent denial of that request on or about June 19th, Martin did *not* complete the exhaustion of his BOP remedies regarding the May 25th BP-9, as he did not submit a BP-11 appeal *before* he filed his § 2241 habeas petition on June 22nd. Thus, regarding his May 24th BP-9 request, Martin failed to exhaust all of his available administrative remedies. See Skinner, 355 F.3d at 1295 (agreeing with the reasoning of sister circuits that have held that "prisoners must exhaust administrative remedies *before* habeas relief can be granted" (emphasis added)).

### B. Martin's June 15, 2006 Administrative Remedy Request

Martin also argues that he fully exhausted all administrative remedies regarding the BP-9 request he submitted on June 15, 2006.[1] We disagree.

Martin did not submit a BP-10 appealing the Warden's denial of his June 15th BP-9 until July 8th—16 days after he filed his § 2241 habeas petition on June

---

[1] Because Martin does not challenge the district court's conclusion that he failed to show grounds to excuse him from the exhaustion requirement, we do not address this issue. See Irwin v. Hawk, 40 F.3d 347, 347 n.1 (11th Cir. 1994) (noting that a pro se litigant abandons an issue by failing to challenge it on appeal).

22nd.  And he did not submit a BP-11 appeal regarding the July 8th BP-10 until July 19th—nearly one month after he filed his habeas petition.  Thus, Martin did not fully exhaust all of his available administrative remedies regarding his June 15th BP-9 request before filing his habeas petition on June 22nd.  See Skinner, 355 F.3d at 1295.

Accordingly, the district court did not err in dismissing Martin's petition.[2]

### III. CONCLUSION

For the foregoing reasons, we **AFFIRM**.

---

[2] "[W]e may affirm the district court on any ground that appears in the record, whether or not that ground was relied upon or even considered by the court below."  Rowell v. BellSouth Corp., 433 F.3d 794, 797-98 (11th Cir. 2005) (quotation marks omitted).