[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEP 09, 2011
JOHN LEY
CLERK

No. 10-14288
Non-Argument Calendar
_____

D.C. Docket No. 2:10-cv-00001-LGW-JEG

ERIC WATKINS,

                                                    Petitioner-Appellant,

versus

WARDEN ANTHONY HAYNES,

                                                    Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(September 9, 2011)

Before HULL, PRYOR and FAY, Circuit Judges.

PER CURIAM:

    Eric Watkins, a federal prisoner, appeals *pro se* from the dismissal of his 28

U.S.C. § 2241 petition for a writ of habeas corpus. He claims that the district

court erred in finding that his petition had been rendered moot by his release from prison. Warden Anthony Haynes responds that, even if the petition was not moot, Watkins failed to exhaust his administrative remedies as required. For the reasons set forth below, we affirm.

I.

Watkins was incarcerated at the Federal Transfer Center ("FTC Oklahoma") from January 4 to January 16, 2008. Watkins was charged on January 15, 2008, with "Assault on Staff." A Unit Discipline Committee hearing was held on January 23, and the Disciplinary Hearing Officer ("DHO") held a hearing on January 31. Watkins received a copy of the DHO report that day. He filed an administrative remedy at the regional level on March 26, 2008, when he appealed the DHO's findings to the North Central Regional Office ("NCRO"). The NCRO rejected his claim on grounds that (1) he did not use the proper form, (2) he improperly included multiple continuation pages, and (3) the appeal was untimely. He was told to resubmit his appeal in the proper form within ten days of the March 28 rejection notice, but he did not refile until April 16, 2008. On April 28, his refiled appeal was rejected on grounds that (1) it was untimely and (2) it did not include the required staff verification that Watkins was not at fault for the delay. He was informed of his right to file a national appeal with the Bureau of Prisons

("BOP") Central Office. He did not file a national appeal at that time.

On August 7, 2008, Watkins was transferred to FCI Beaumont. While there, Watkins filed an inquiry with FCI Beaumont staff into the status of his original appeal. On April 23, 2009, the staff at FCI Beaumont rejected this inquiry as untimely. On May 26, 2009, Watkins again refiled his regional appeal, but did so this time with the South Central Regional Office ("SCRO") rather than the NCRO. The SCRO rejected the appeal as untimely on June 15, and a copy of the rejection notice was provided to Watkins on June 23. On June 24, 2009, Watkins filed his national appeal with the BOP Central Office. The Central Office rejected the appeal on July 22 on the ground that the NCRO had correctly found the regional appeal to be untimely.

On January 4, 2010, Watkins filed in the district court a *pro se* § 2241 habeas corpus petition. He asserted that the DHO had caused several violations of his right to due process in the course of finding erroneously that he had assaulted an FTC Oklahoma staff member.[1] The DHO sanctioned him by disallowing 27 days of good-conduct time, 30 days of non-vested good-conduct time, and various

---

[1]In particular, Watkins claimed that the DHO violated his right to due process by (1) failing to consider that he was not timely served with a copy of the disciplinary report, (2) failing to consider that the hearing was untimely, (3) failing to provide him with a copy of the witness statement that would be used against him and to consider his written defense to the charges, (4) failing to consider that he was not served with any rules and regulations of FTC Oklahoma, and (5) failing to consider another of his written claims and supporting facts.

privileges.  He asked the district court to restore all of his lost good-conduct time.

The warden responded that Watkins had not exhausted his administrative remedies because he had never properly filed a timely appeal or sought leave to file his appeals out of time.  The magistrate judge found that the warden was correct, and he recommended dismissing the § 2241 petition for failure to exhaust administrative remedies.  In June 2010, the warden filed a supplemental response indicating that Watkins recently had been released from prison and arguing that, as a consequence, the habeas petition was moot.

The district court found that Watkins's petition sought early release from BOP custody through the reversal of the good-time-credit reductions.  As Watkins had been released, the court found that it could not provide him with any relief, and that it lacked subject-matter jurisdiction to enter only a declaratory judgment of a due-process violation.  Accordingly, the court dismissed the petition without adopting the magistrate's report.

## II.

Whether the district court has jurisdiction over a matter is a question of law subject to plenary review.  *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1468 (11th Cir. 1997).

If a petitioner's sentence expires while his habeas petition is awaiting

4

adjudication, some collateral consequence must be present in order to satisfy the case-or-controversy requirement. *Carafas v. LaVallee*, 391 U.S. 234, 237-38, 88 S.Ct. 1556, 1559, 20 L.Ed.2d 554 (1968). In *Dawson v. Scott*, 50 F.3d 884, 886 (11th Cir. 1995), a federal prisoner filed a 28 U.S.C. § 2241 petition seeking credit against his sentence for the time he spent in halfway houses and safe houses. While his appeal of the dismissal of his petition was pending, he was released from federal custody. *Id.* at 886 n.2. We held that his appeal was not moot, as Dawson was still serving a period of supervised release and success on appeal could affect the supervised-release portion of his sentence. *Id.*

In *United States v. Johnson*, 529 U.S. 53, 54, 120 S.Ct. 1114, 1116, 146 L.Ed.2d 39 (2000), the Supreme Court addressed the question of whether excess time served in prison should be credited against the defendant's term of supervised release. The Court held that, based on the text of 18 U.S.C. § 3624(e), such excess time is not automatically credited against the term of supervised release, but that "equitable considerations of great weight exist when an individual is incarcerated beyond the proper expiration of his prison term." *Id.* at 57-60, 120 S.Ct. at 1117-19. Thus, in such a circumstance, district courts may exercise their discretion under 18 U.S.C. § 3583(e) to reduce or terminate the term of supervised release. *Id.* at 60, 120 S.Ct. at 1119. The *Johnson* holding did not affect our mootness

holding in *Dawson*, as *Dawson* hinged upon the liberty restrictions imposed by supervised release and the possibility that success on appeal could alter the term of supervised release, not on the question of whether such an alteration would be statutorily mandated.

Here, as in *Dawson*, Watkins was released from prison and began a term of supervised release while his habeas proceedings were pending. Although the district court would have been unable to reduce Watkins's prison term upon finding that the disciplinary proceedings were due to be overturned, it could have equitably reduced Watkins's term of supervised release. *See Johnson*, 529 U.S. at 57-60, 120 S.Ct. at 1117-19. As success for Watkins could have altered the supervised release portion of his sentence, his § 2241 petition was not moot. *See Dawson*, 50 F.3d at 886 n.2.

III.

Although the exhaustion requirement of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), does not apply to habeas petitions, § 2241 petitioners nevertheless are required to exhaust their administrative remedies before habeas relief can be granted. *Skinner v. Wiley*, 355 F.3d 1293, 1294-95 (11th Cir. 2004). The BOP's Administrative Remedy Program requires the prisoner to submit a formal written Administrative Remedy Request within "20 calendar days following the date on which the basis for the Request occurred" or within the time frame of any

extension that is allowed. 28 C.F.R. § 542.14(a)-(b). Where the prisoner seeks to appeal a DHO finding, the formal Request is to be submitted directly to the appropriate regional office. § 542.14(d)(2). "An inmate who is not satisfied with the Regional Director's response may submit an Appeal . . . to the General Counsel within 30 calendar days of the date the Regional Director signed the response." § 542.15(a). The time limits may be extended upon a showing of a valid reason for the delay. *Id.* "Appeal to the General Counsel is the final administrative appeal." *Id.*

The DHO entered the finding against Watkins on January 31, 2008. Accordingly, Watkins was required to submit his Administrative Remedy Request to the NCRO by February 20, 2008, but he did not do so. *See* § 542.14(a), (d)(2). He filed his first Request on March 26, 2008, approximately 34 days past the deadline. On March 28, 2008, the NCRO rejected his Request and informed him that an extension could be available if he were to provide documentation that the delay was not his fault. When he refiled on April 16, 2008, however, he did not include any documentation regarding the cause of the delay. Accordingly, the Request was rejected again as untimely. Furthermore, the second rejection was issued on April 28, 2008, but Watkins did not file his national appeal until June 24, 2009, more than one year after the filing deadline in § 542.15(a).

As Watkins never timely filed an Administrative Remedy Request, he failed

to exhaust his administrative remedies. *See* § 542.14. Accordingly, the district court was unable to grant him habeas relief, and the petition was due to be dismissed.[2] *See Skinner*, 355 F.3d at 1295.

For the foregoing reasons, we affirm the judgment of the district court.

**AFFIRMED.**

---

[2] We may affirm on any adequate grounds that find support in the record. *Smith v. Allen*, 502 F.3d 1255, 1265 (11th Cir. 2007).