[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-13618

_____

D.C. Docket No. 5:10-cv-244-JDW-GRJ

HIPOLITO CRUZ-PAGAN,

Petitioner-Appellant,

versus

WARDEN, FCC COLEMAN-LOW,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 7, 2012 )

Before MARCUS, COX and SILER,* Circuit Judges.

SILER, Circuit Judge:

Hipolito Cruz-Pagan (Cruz) petitions for review the district court's dismissal

of his petition for habeas corpus pursuant to 28 U.S.C. § 2241.  We affirm.

_____

*Honorable Eugene E. Siler, Jr., United States Circuit Judge for the Sixth Circuit, sitting by
designation.

I.

A.

Cruz is an inmate at the Bureau of Prisons (BOP) Coleman-Low correctional center in Florida.  In March 2010, he filed a request for compassionate release.

In April 2010, Cruz sent two emails to the Warden for an update on his request. He received a written denial of his request on April 28.  On April 30, the Warden replied to Cruz's emails and stated, "Your paperwork is being processed."

B.

The BOP Administrative Remedy Program states an inmate may "seek formal review of an issue relating to any aspect of his[] own confinement" through a three-level appeal process.  28 C.F.R. § 542.10, *et seq*.  Despite the BOP's administrative process, Cruz, *pro se*, filed a § 2241 petition in the district court after the Warden denied his request.  Cruz claimed the § 2241 petition was proper because there were fraudulent improprieties in the administrative process, as evidenced in the discrepancy between the written denial and the Warden's email, which made the process futile.  The district court dismissed the petition for failure to exhaust administrative remedies because exhaustion is jurisdictional.  *See Skinner v. Wiley*, 355 F.3d 1293, 1295 (11th Cir. 2004) (per curiam); *Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir. 1992) (per curiam).

After the parties filed their appellate briefs, the Supreme Court ruled in *Gonzalez v. Thaler*, 132 S.Ct. 641, 648 (2012), that "[a] rule is jurisdictional if the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional. But if Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional." (quotation marks and citations omitted). Since Congress did not place an administrative exhaustion requirement in § 2241, the parties argue that exhaustion is "a mandatory but nonjurisdictional" rule. *Id.* at 656.

At oral argument we requested additional briefing on whether Cruz could pursue his petition under 18 U.S.C. § 3582(c)(1).

## II.

We review § 2241 petitions *de novo*. *Skinner*, 355 F.3d at 1294.

## III.

Whether our *Gonzalez* and *Skinner* line of cases, regarding the jurisdictional impact of administrative exhaustion, was overruled is a question for another case. The holding in the Supreme Court's *Gonzalez* opinion was that 28 U.S.C. § 2253(c)(3), did not have a jurisdictional requirement. 132 S.Ct. at 646. Since that statute is not at issue here, we cannot say that our *Gonzalez* and *Skinner* line of cases was overruled.

3

Federal courts must have authority to grant a § 2241 petition and 18 U.S.C. § 3582(c)(1) is a source of that authority.  But under § 3582(c)(1)(A), a court cannot reduce a prisoner's sentence except "upon [the] motion of the Director of the [BOP]" and a finding that "extraordinary and compelling reasons warrant" a reduction.  The plain meaning of this section requires a motion by the Director as a condition precedent to the district court before it can reduce a term of imprisonment. The BOP has not made a motion on Cruz's behalf.  Accordingly, we do not have the authority to modify his sentence under § 3582(c)(1)(A).  *See  Fernandez v. United States*, 941 F.2d 1488, 1492-93 & n.10 (11th Cir.1991) (The BOP's decision whether to seek a compassionate release under the predecessor to § 3582(c)(1)(A)(i) is not reviewable).

Under 18 U.S.C. § 3582(c)(1)(B), courts "may modify" a sentence only "to the extent otherwise expressly permitted by statute" or Federal Rule of  Criminal Procedure 35.  Cruz has not cited a case, statute, or rule of procedure that gives us the authority to modify his sentence.  He admits his § 2241 petition cannot provide him compassionate release but argues that a hearing should be held anyway.  But without a motion from the Director, a precedential case, an authorizing statute, or an authorizing Rule granting us subject-matter jurisdiction, we cannot modify his sentence.  Therefore, Cruz's petition is dismissed.

AFFIRMED.

4