[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14971
Non-Argument Calendar
_____

D.C. Docket No. 3:99-cr-00018-RV-MD-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KENNETH BERNARD NICKSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(June 7, 2013)

Before HULL, WILSON and JORDAN, Circuit Judges:

PER CURIAM:

Kenneth Nickson, a federal prisoner proceeding pro se, appeals the district

court's denial of his motion for modification of his sentence in his bank-robbery

case on the grounds that the district court lacked jurisdiction. In his motion, Nickson asked the district court to amend its instructions regarding how the sentence would be executed. On appeal, Nickson argues that the district court had jurisdiction to modify the sentence because it had originally imposed the sentence and because it had modified his sentence in another case, which ran partially concurrent with his bank-robbery sentence. The government argues that Nickson's notice of appeal was untimely.

We review de novo whether a district court has jurisdiction to modify a defendant's sentence. *United States v. Diaz-Clark*, 292 F.3d 1310, 1315 (11th Cir. 2002). Federal courts must "look behind the label" of an inmate's pro se motion and determine whether there is any framework under which his claim might be cognizable. *United States v. Jordan*, 915 F.2d 622, 624–25 (11th Cir. 1990). District courts do not have authority to modify a prisoner's sentence, except to the extent provided by the federal statutory provisions controlling sentencing and the Federal Rules of Criminal Procedure. 18 U.S.C. § 3582(c); *see Diaz-Clark*, 292 F.3d at 1315–18 (discussing relevant statutes and rules that provide for modification of a sentence).

If a federal prisoner wants to challenge the execution of his sentence, rather than its validity, he may do so through a 28 U.S.C. § 2241 petition. *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 (11th Cir. 2008). A federal prisoner

2

"may proceed under § 2241 only when he raises claims outside the scope of § 2255(a)." *Id.* at 1351 n.1; *see* 28 U.S.C. § 2255(a) (providing that a prisoner may file a motion to vacate, set aside, or correct a sentence on the grounds that (1) the sentence was imposed in violation of United States laws or the Constitution; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence exceeded the statutory maximum punishment; or (4) the sentence is otherwise subject to collateral attack). A prisoner seeking relief under § 2241 must, as a jurisdictional prerequisite, exhaust his administrative remedies. *Skinner v. Wiley*, 355 F.3d 1293, 1295 (11th Cir. 2004) (per curiam).

Under Federal Rule of Appellate Procedure 4(b)(1)(A), an appellant in a criminal case must file his notice of appeal within 14 days of the entry of final judgment or the government's notice of appeal. However, Federal Rule of Appellate Procedure 4(a)(1)(B) provides that a notice of appeal in a civil case must be filed within 60 days after entry of judgment when one of the parties is the United States.

Looking "behind the label" of Nickson's motion, it is a close question whether Nickson's claim is a challenge to the execution of his sentence or a collateral attack on the validity of the district court's order commencing his partially concurrent sentence. Neither the parties nor the district court have addressed this issue.

3

If the district court were to construe Nickson's motion as a § 2241 petition, his notice of appeal, filed fewer than 60 days after entry of the court's order on his motion, was timely filed under Federal Rule of Appellate Procedure 4(a)(1)(B). Even if the claim properly challenges the execution of his sentence, however, it is unclear from the record whether the district court lacked jurisdiction to consider the claim. If construed as a § 2241 petition, Nickson's motion was subject to the jurisdictional prerequisite that he exhaust his administrative remedies. *See Skinner*, 355 F.3d at 1295. Because the district court did not construe Nickson's motion as a § 2241 petition, it made no findings as to whether he had exhausted his administrative remedies, and neither party has addressed the issue on appeal.

Finally, if the district court were to construe Nickson's motion as a § 2241 petition, it was not filed in the proper court. A § 2241 petition must be brought in the district in which the inmate is incarcerated. 28 U.S.C. § 2241(d); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 443, 124 S. Ct. 2711, 2722 (2004). Thus, if the district court were to determine that Nickson's claim is a § 2241 petition, the case must be transferred to the Northern District of Alabama for proceedings to determine whether Nickson has exhausted his administrative remedies.

Accordingly, we vacate and remand the district court's order so that the district court can consider, in the first instance, whether Nickson's claim constitutes a challenge to the execution or validity of his sentence.

4

**VACATED AND REMANDED.**