[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13530
Non-Argument Calendar
_____

D.C. Docket No. 3:99-cr-00018-RV-MD-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KENNETH B. NICKSON,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(January 22, 2014)

Before MARCUS, WILSON and FAY, Circuit Judges.

PER CURIAM:

Kenneth Nickson, a federal prisoner proceeding pro se, appeals from the district court's denial of his motion for modification of the sentence he received in his bank robbery case.

## I.

Nickson was convicted and sentenced in two separate cases—a crack cocaine case and the bank robbery case at issue. Nickson's 200-month crack cocaine sentence was reduced by 70 months pursuant to 18 U.S.C. § 3582(c)(2),[1] the Retroactive Crack Cocaine Guideline Amendment, but that reduction did not affect his total sentence because the district court structured the crack cocaine sentence to run partially concurrent with his bank robbery sentence.[2] As originally written, Nickson's 200-month crack cocaine sentence and the sentences for Counts One and Five in his robbery case were scheduled to end at the same time, at which point his 120-month sentence for Count Two in the robbery case would commence.

After Nickson's crack cocaine sentence was reduced to 130 months pursuant to § 3582(c)(2), he filed a motion to modify the sentence in his robbery case. In

---

[1] Under § 3582(c)(2), a district court may modify a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2).

[2] The district court sentenced Nickson in the robbery case as follows: (1) for Counts One and Five, sentences of 110 months; (2) the 110-month sentences for Counts One and Five would be served concurrently to each other; (3) the sentences for Counts One and Five are to run partially concurrent with the term imposed in the crack cocaine case, and shall commence after serving 90 months of the term in that case; and (4) for Count Two, Nickson received a 120-month sentence, which would be served consecutively to the sentences for Counts One and Five and consecutively to any undischarged term in his crack cocaine case.

his motion, Nickson explicitly noted that he did not seek to change the total sentence in his robbery case, but sought to modify the extent to which the sentences in the two cases ran partially concurrent with one another.  He requested that his robbery sentence commence running concurrently with the crack cocaine sentence after 20 months, rather than after 90 months as originally ordered, to reflect the overall 70-month reduction in his crack cocaine sentence.  Thus, his total effective sentence for the two convictions would be 250 months, as opposed to 320 months.

The district court summarily denied Nickson's motion, he appealed, and we vacated and remanded with instructions to determine whether Nickson's motion collaterally attacked the validity of his sentence or challenged the execution of his partially concurrent sentence.  *See United States v. Nickson*, 521 F. App'x 867 (11th Cir. 2013).  On remand, the district court determined that Nickson's motion attacked neither the validity nor the execution of his bank robbery sentence, construed the motion as a request for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), and denied relief.

In this appeal, Nickson reiterates that his robbery sentence should commence after serving 20 months of his crack cocaine sentence given the district court's original intent in sentencing him and subsequent 70-month sentence reduction in his crack cocaine case pursuant to 18 U.S.C. § 3582(c)(2).

II.

We review de novo whether a district court has jurisdiction to modify a defendant's sentence. *United States v. Diaz-Clark*, 292 F.3d 1310, 1315 (11th Cir. 2002). Federal courts must "look behind the label" of a pro se prisoner's motion and determine whether there is any framework under which his claim might be cognizable. *United States v. Jordan*, 915 F.2d 622, 624–25 (11th Cir. 1990). District courts do not have authority to modify a prisoner's sentence, except to the extent provided by the federal statutory provisions controlling sentencing and the Federal Rules of Criminal Procedure. 18 U.S.C. § 3582(c); *see Diaz-Clark*, 292 F.3d at 1315–18 (discussing relevant statutes and rules that provide for modification of a sentence).

"Typically, collateral attacks on the validity of a federal sentence must be brought under § 2255." *Darby v. Hawk-Sawyer*, 405 F.3d 942, 944 (11th Cir. 2005). Under § 2255,

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

4

28 U.S.C. § 2255(a). However, a provision of § 2255 permits a federal prisoner, under limited circumstances, to file a habeas petition pursuant to § 2241.

*Id.* § 2255(e). That provision, known as the "savings clause," provides that:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

*Id.* The savings clause of § 2255(e) imposes a subject matter jurisdictional limit on § 2241 petitions. *Williams v. Warden, Fed. Bureau of Prisons*, 713 F.3d 1332, 1338 (11th Cir. 2013). Thus, the savings clause instructs a district court not to hear a § 2241 petition normally cognizable in the petitioner's first § 2255 motion unless his first motion was inadequate or ineffective to test his claim. *Id.* We have held that "[a] prisoner in custody pursuant to a federal court judgment may proceed under § 2241 only when he raises claims outside the scope of § 2255(a). . . ." *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1351 n.1 (11th Cir. 2008).

Thus, there are two ways in which a prisoner might qualify for § 2241 relief. First, "challenges to the execution of a sentence, rather than the validity of the sentence itself, are properly brought under § 2241." *Id*. at 1352. Second, the prisoner can "open the portal to a § 2241 proceeding" via the savings clause. *Wofford v. Scott*, 177 F.3d 1236, 1244 n.3 (11th Cir. 1999). In a § 2241 habeas

5

corpus case, "[the] petitioner has the burden of establishing his right to federal habeas relief." *Coloma v. Holder*, 445 F.3d 1282, 1284 (11th Cir. 2006) (internal quotation marks omitted). We may affirm the district court's denial of a § 2255 motion on any grounds supported by the record. *McKay v. United States*, 657 F.3d 1190, 1195–96 (11th Cir. 2011).

When a prisoner has previously filed a § 2255 motion to vacate, he must receive permission from the court of appeals before filing a successive § 2255 motion. 28 U.S.C. §§ 2244(b), 2255(h). The statutory bar on successive § 2255 motions, standing alone, does not render that section inadequate or ineffective within the meaning of § 2255(e)'s savings clause. *Gilbert v. United States*, 640 F.3d 1293, 1308 (11th Cir. 2011) (en banc), *cert. denied*, __ U.S. __, 132 S.Ct. 1001 (2012). Consequently, a petitioner who has filed a previous § 2255 motion that has been denied may not circumvent the restriction on successive § 2255 motions simply by filing a petition under § 2241. *Antonelli*, 542 F.3d at 1351. Instead, a petitioner meets the requirements of the savings clause when: (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the holding of that Supreme Court decision establishes that petitioner was convicted of a nonexistent offense; and (3) circuit law foreclosed such a claim at the time it otherwise should have been raised at the petitioner's trial, appeal, or first §2255 motion. *Wofford*, 177 F.3d at 1244; *see also Turner v. Warden Coleman FCI*, 709

6

F.3d 1328, 1334 nn.2–3 (11th Cir. 2013) (holding that the savings clause applies only if petitioner can make a showing of actual innocence).

### III.

The district court misconstrued the nature of Nickson's motion.  Nickson's motion cannot plausibly be construed as a § 3582(c)(2) request for a sentence reduction because he explicitly states that he did not request a change in his total 230-month robbery sentence, but rather a modification of the extent to which that sentence runs partially concurrent with his sentence in the crack cocaine case. Nevertheless, we affirm because Nickson has not shown that he is entitled to relief.

Nickson does not identify the procedural mechanism through which he seeks relief.  However, construing his motion liberally as we are bound to do, *Jordan*, 915 F.2d at 624–25, Nickson's motion is best construed as a petition for § 2241 relief via the savings clause in § 2255(e), based upon a contention that § 2255 is inadequate or ineffective to test his claim.  *Williams*, 713 F.3d at 1338.   Nickson's motion cannot be interpreted as an attack on the execution of his sentence because he seeks to change the language of the judgment imposing the sentence in his robbery case, and cannot seek § 2255 relief without the savings clause because he has already filed a § 2255 motion.  *Antonelli*, 542 F.3d at 1351.

Construed as a motion requesting savings clause relief, Nickson's motion fails for three reasons.  First, the test that we announced in *Wofford* forecloses

Nickson's argument because Nickson's claim, based entirely on an intervening change in facts, does not rely on a Supreme Court decision invalidating our circuit law. *See Wofford*, 177 F.3d at 1245; *Williams*, 713 F.3d at 1343–44. Second, Nickson could not bring his claim via a successive § 2255 petition because of the restrictions in § 2255(h) on successive § 2255 motions, and those restrictions alone do not render § 2255 inadequate or ineffective. *See Gilbert*, 640 F.3d at 1308. In fact, Nickson's claim falls precisely within the crosshairs of what the statutory bar on successive § 2255 motions seeks to forestall: motions to vacate based upon newly discovered evidence that does not speak to actual innocence of the offense of conviction. *See* 28 U.S.C. § 2255(h)(1). Third, Nickson does not allege that he was factually innocent of any of his offenses of conviction, and thus is likely not entitled to savings clause relief. *See Turner*, 709 F.3d at 1334–35 nn. 2-3. Accordingly, we construe Nickson's motion as a petition for § 2241 relief via the savings clause in § 2255(e), and we affirm the district court's denial of Nickson's motion to modify his sentence.

**AFFIRMED.**