**Thurman ENGLE, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 00–6659.

United States Court of Appeals, Sixth Circuit.

Oct. 25, 2001.

Before MARTIN, Chief Judge; CLAY, and GARWOOD,* Circuit Judges.

## *ORDER*

Thurman Engle, a federal prisoner proceeding through counsel, appeals a district court order denying his hybrid motion filed pursuant to 28 U.S.C. §§ 2241 and 2255. The parties have expressly waived oral argument in this case, and upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

A jury convicted Engle of conspiracy to possess with intent to distribute marijuana and cocaine in violation of 21 U.S.C. § 846. He was sentenced to 121 months in prison, 5 years of supervised release, a $50 special assessment, and a $17,500 fine. This court affirmed his conviction and sentence on direct appeal in *United States v. Wilson,*

---

* The Honorable Will L. Garwood, United States Circuit Judge for the Fifth Circuit, sitting by designation.

Nos. 96–6709/6710, 1999 WL 71499 (6th Cir. Jan.14, 1999) (unpublished).

In his pro se motion, Engle essentially asserted that: 1) his trial counsel rendered ineffective assistance by failing to seek a downward departure pursuant to USSG § 5H1.4 due to Engle's terminal lymphoma; and 2) a federal warden erred by denying Engle's request for compassionate release. The district court appointed counsel and then denied the motion as untimely under § 2255. Engle's counsel moved for reconsideration, additionally arguing that Engle's incarceration was in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. In its order denying the motion, the district court reasoned that even if the motion were timely, it could not have departed below the statutory minimum of 120 months, that Engle's incarceration was not in violation of the Eighth Amendment, and that the court lacked authority to grant compassionate release without a motion from the Bureau of Prisons. The district court thereafter granted a certificate of appealability as to whether Engle's incarceration offends the Eighth Amendment and whether the district court lacks authority to grant compassionate release.

■ Initially, we construe the action as arising under § 2241 as well as § 2255 because Engle initially challenged both the original imposition of his sentence and its continued execution. *See United States v. Jalili*, 925 F.2d 889, 893–94 (6th Cir.1991). However, his appeal is solely based upon the return of his cancer, an event occurring after sentencing, and thus we will apply the law governing § 2241 actions. *See Cohen v. United States*, 593 F.2d 766, 770–71 (6th Cir.1979). This court reviews the dismissal of a § 2241 petition de novo on appeal. *See Fowler v. United States Parole Comm'n*, 94 F.3d 835, 837 (3d Cir.

1996); *Robbins v. Christianson*, 904 F.2d 492, 494 (9th Cir.1990).

■ Upon review, we conclude that the district court's judgment must be affirmed for reasons other than those stated by the district court. *See City Mgmt. Corp. v. U.S. Chem. Co.*, 43 F.3d 244, 251 (6th Cir.1994). Federal prisoners are required to exhaust administrative remedies before filing a petition under 28 U.S.C. § 2241. *Little v. Hopkins*, 638 F.2d 953, 954 (6th Cir.1981). Although Engle sought compassionate release from the warden, he did not appeal the decision and he did not raise an Eighth Amendment claim. Thus, he has procedurally defaulted his claims and must show cause and prejudice for the failure to exhaust. *See Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir.1996); *Sanchez v. Miller*, 792 F.2d 694, 697 (7th Cir.1986). Although an intentional decision not to exhaust procedural remedies generally does not constitute cause, official interference making compliance impracticable will. *Amadeo v. Zant*, 486 U.S. 214, 221–22, 108 S.Ct. 1771, 100 L.Ed.2d 249 (1988).

■ Relying on *McCarthy v. Madigan*, 503 U.S. 140, 146, 112 S.Ct. 1081, 117 L.Ed.2d 291 (1992), Engle argued below that his short life expectancy creates an interest in immediate judicial review that outweighs the government's interests in the efficiency of administrative autonomy that the exhaustion doctrine is designed to further. Engle's argument is insufficient to show cause. *McCarthy* concerned administrative exhaustion in a *Bivens* action, rather than a § 2241 action, and it has since been superseded by an amendment to 42 U.S.C. § 1997e. Furthermore, Engle has not shown that the Bureau of Prisons has made compliance with the exhaustion requirement impracticable.

Nonetheless, even if Engle had not procedurally defaulted his claims, his claims would not merit relief. First, Engle's incarceration does not violate the Eighth Amendment. Although the incarceration of a terminally ill prisoner may be "cruel," it is not "unusual." *See Harmelin v. Michigan,* 501 U.S. 957, 994, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991) (severe, mandatory penalties are cruel, but not unusual). The Eighth Amendment does not require consideration of mitigating factors at sentencing in non-capital cases, *id.* at 995, 111 S.Ct. 2680, and thus we do not deem it to require consideration of mitigating factors mid-sentence. Individualized sentencing is not mandated by the Eighth Amendment in non-capital cases even where a term sentence effectively becomes a life sentence due to the personal characteristics of a defendant. *Id.* at 996, 111 S.Ct. 2680 (individual sentencing would not be required for a 65–year–old man). Additionally, Engle has explicitly disclaimed that prison officials have been deliberately indifferent to his medical needs. While Engle's remaining days would likely be more pleasant outside of prison, the Eighth Amendment does not mandate that he be housed without discomfort. *See Rhodes v. Chapman,* 452 U.S. 337, 349, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). As the Eighth Amendment provides no relief, the early release of terminally ill prisoners is a matter more properly weighed by the legislature and prison administration than the courts. *See id.*

Second, the district court lacked jurisdiction to sua sponte grant compassionate release. A district court may not modify a defendant's federal sentence based on the defendant's ill health, except upon a motion from the Director of the Bureau of Prisons. *See* 18 U.S.C. § 3582. No such motion was filed in the instant case.

Accordingly, the district court's judgment is affirmed.