**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 2 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CYRUS D.A. BRASWELL,

    Petitioner-Appellant,

v.

E.J. GALLEGOS, Warden of F.C.I.
Florence; KATHLEEN
HANKS/SAWYER, Director of the
B.O.P.; JOHN ASHCROFT, United
States Attorney General,

    Respondents-Appellees.

No. 03-1349
(D. Colo.)
(D. Ct. No. 03-Z-1122)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, Chief Circuit Judge, **PORFILIO**, Circuit Judge, and **BRORBY**, Senior Circuit Judge.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Appellant Cyrus D.A. Braswell, federal inmate appearing *pro se*, appeals the denial of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.[1] Mr. Braswell also requests leave to proceed *in forma pauperis* on appeal. We grant him leave to proceed *in forma pauperis* and affirm.

The United States District Court for the District of Alaska convicted Mr. Braswell of "possession of crack cocaine with intent to distribute, maintaining a place for drug trafficking, and money laundering." *United States v. Braswell*, No. 93-30198, 2000 WL 335570 (9th Cir. Mar. 30, 2000). Because Mr. Braswell is imprisoned in a federal facility in Colorado, he filed his § 2241 petition with the United States District Court for the District of Colorado.

In his petition, Mr. Braswell claimed the Bureau of Prisons violated his constitutional rights when it based his custody and classification level on the fact his conviction involved cocaine and marijuana, even though his criminal indictment did not specify any type or quantity of drugs. As relief, he asked the Colorado federal district court to order the Director of the Bureau of Prisons to

---

[1] Because Mr. Braswell is a federal prisoner, a certificate of appealability is not required to appeal the district court's denial of his § 2241 habeas petition. *See Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir. 2000).

file a motion, pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), with the Alaska federal district court, asking it to correct the type and quantity of controlled substance used to determine his custody and classification level.

The Colorado federal district court issued an Order and Judgment of Dismissal (Order), construing Mr. Braswell's *pro se* petition liberally and denying his petition. In the Order, the district court stated:

> The habeas corpus [petition] will be denied because Mr. Braswell cites no law that authorizes the Court to grant the relief he seeks. Title 18 U.S.C. § 3582(c)(1)(A)(i) provides that, although a court generally may not modify a term of imprisonment once it has been imposed, upon motion of the Director of the [Bureau of Prisons] a court may modify a sentence if the court finds that extraordinary and compelling reasons warrant such a reduction.

The district court further noted that in filing his § 2241 petition, Mr. Braswell was "not challenging his sentence, and if he was, he could not do so in this Court."

The district court also explained that while Mr. Braswell apparently asked the Director of the Bureau of Prisons to file a § 3582 motion in the Alaska federal district court, the statute did not authorize the Colorado federal district court "to review the Director's failure or refusal to file such a motion." For these reasons, the district court denied Mr. Braswell's petition and dismissed the action.

On appeal, Mr. Braswell renews his constitutional due process claim, stating his prisoner custody and classification level is inaccurate because neither the indictment nor the judgment, submitted to the Bureau of Prisons by the Alaska federal district court, defines any particular type or quantity of controlled substance. Mr. Braswell suggests the district court erred in denying his petition merely "on grounds [h]e didn't cite case law to support his claim(s),"and because it failed to properly review the facts supporting his claim. He points out that the official form, used for filing § 2241 habeas actions and provided to him by the Colorado federal district court, specifically states, "[y]ou do not need to cite specific cases to support your claim(s)."

We review the district court's dismissal of a habeas corpus petition *de novo*. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Similarly, we review *de novo* a district court's determination as to whether it possesses jurisdiction to modify a sentence. *See United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997). Because Mr. Braswell is representing himself on appeal, we construe his pleadings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam). We may affirm a district court's decision denying a § 2241 petition on any grounds supported by the record. *See Aguilera v. Kirkpatrick*, 241 F.3d 1286, 1290 (10th Cir. 2001.)

In understanding the district court's ruling on Mr. Braswell's request for relief under 18 U.S.C. § 3582, it is helpful to understand the difference between § 2241 and § 2255 habeas petitions, and a motion filed under § 3582. "A petition [filed] under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Bradshaw*, 86 F.3d at 166. On the other hand, "[a] 28 U.S.C. § 2255 petition attacks the legality of detention, and must be filed in the district that imposed the sentence." *Id.* (citations omitted). A motion filed under 18 U.S.C. § 3582(c), is neither a direct appeal of a sentence nor a collateral attack under 28 U.S.C. § 2255. *See United States v. Trujeque*, 100 F.3d 869, 870 (10th Cir. 1996). Instead, it is another statutory means, separate from 28 U.S.C. § 2255, for a district court to modify a previously imposed sentence. *See United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir.), *cert. denied*, 522 U.S. 961 (1997). Because a motion filed under § 3582 requests modification of a sentence, it follows that such a motion must be filed in the district court which imposed the sentence.

In this case, Mr. Braswell filed his § 2241 petition in the district court where he is confined to contest the execution of his sentence based on the classification prison officials associated with the Colorado federal prison afforded

him. But for relief, he sought modification of his sentence, under 18 U.S.C. § 3582, in the Colorado federal district court – not the Alaska federal district court which imposed his sentence. Although we have jurisdiction to review Mr. Braswell's classification claim, neither the Colorado federal district court nor this court possesses the requisite jurisdiction to consider Mr. Braswell's request for modification of his sentence.[2] As the district court indicated, if Mr. Braswell desires to have a court review his § 3582(c) request, he must file a § 3582 motion in the Alaska federal district court.

While we do not have jurisdiction to consider Mr. Braswell's § 3582(c) request, we may review Mr. Braswell's general allegation that his classification status, which the Bureau of Prisons based on his conviction for cocaine and marijuana, is unconstitutional in violation of the Due Process Clause. In so doing, we find his allegation lacks merit.

---

[2] The statute on which Mr. Braswell relies, 18 U.S.C. § 3582(c), provides that a "court may not modify a term of imprisonment once it has been imposed except in [certain] limited circumstances." *See Smartt*, 129 F.3d at 540-41. One of those circumstances, as set out in § 3582(c)(1)(A)(i), is on motion of the Director of the Bureau of Prisons. *Id.* at 541. In this case, it appears the Director never filed such a motion. For the reasons described herein, we lack jurisdiction to consider Mr. Braswell's request that the Colorado federal district court order the Director to file such a motion in the appropriate Alaska court, and are unaware of any legal authority allowing this court or any court to make such a directive.

-6-

It is well established that prisoners do not have a due process liberty interest in their classification while incarcerated. *See Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976); *Wilson v. Budney*, 976 F.2d 957 (5th Cir. 1992); *Solomon v. Benson*, 563 F.2d 339, 340, 342 (7th Cir. 1977). As the Supreme Court pointed out, the classification of prisoners is a matter Congress delegated to the discretion of federal prison officials under 18 U.S.C. § 4081, and such classification implicates "no legitimate statutory or constitutional entitlement sufficient to invoke due process." *Moody*, 429 U.S. at 88 n.9; *see also* 28 C.F.R. § 50.95(d). This circuit has long recognized that prison security classifications are "a necessary tool in the management and control of the penal and correctional institutions," and as such, lie "within the sound discretion of the responsible administrative agency." *Marchesani v. McCune*, 531 F.2d 459, 461-62 (10th Cir. 1976). Because Mr. Braswell's classification does not implicate any liberty interest, the district court properly denied his § 2241 petition.

As to the district court's statement that "[t]he habeas corpus [petition] will be denied because Mr. Braswell cites no law that authorizes the Court to grant the relief he seeks," we find no error. In essence, the district court merely indicated that no constitutional, statutory or case law warrants granting Mr. Braswell relief.

For the reasons stated, we **AFFIRM** the district court's Order denying Mr. Braswell's petition and dismissing the action.  As previously noted, we grant Mr. Braswell's request for leave to proceed *in forma pauperis* on appeal pursuant to 28 U.S.C. § 1915(c).  The mandate shall issue forthwith.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge