NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0494n.06

No. 09-6508

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

***Jul 18, 2011***

LEONARD GREEN, Clerk

CLAYTON P. CROWE,

     Petitioner-Appellant,

v.

UNITED STATES OF AMERICA,

     Respondent-Appellee.

_____ /

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF KENTUCKY

BEFORE:    SUTTON and WHITE, Circuit Judges; and STAFFORD, District Judge.[*]

    **PER CURIAM.**

The petitioner-appellant, Clayton Crowe, appeals from the district court's judgment denying his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. We **AFFIRM.**

Crowe is currently serving a sixty-year sentence in federal prison. Because he suffers from heart and kidney ailments, Crowe asked the Director of the Bureau of Prisons ("BOP") to file a motion in federal court seeking a compassionate release as permitted under 18 U.S.C. § 3582(c)(1)(A)(i). The BOP denied his request. After pursuing administrative remedies without success, Crowe filed a petition—styled as a § 2241 petition—in the district court, seeking an order requiring the BOP to file a motion for compassionate release with the sentencing court in North

_____

[*] The Honorable William H. Stafford, Jr., Senior United States District Judge for the Northern District of Florida, sitting by designation.

Carolina. The district court correctly determined that § 2241 does not provide subject matter jurisdiction over Crowe's petition. The district court also correctly determined that, even if viewed as a request for review of agency action under the Administrative Procedure Act, 5 U.S.C. § 701-706, Crowe's petition lacks merit because federal courts have no authority to review or countermand the BOP's decision *not* to seek a compassionate release for an inmate. Crowe filed a timely appeal to this court.

The BOP has the authority to seek a modification of a prisoner's sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), which provides that a federal court "may not modify a term of imprisonment once it has been imposed except that . . . in any case . . . the court, *upon motion of the Director of the [BOP]*, may reduce the term of imprisonment . . . if it finds that . . . extraordinary and compelling reasons warrant such a reduction." *Id.* (emphasis added). The statute places no limits on the BOP's authority to seek or not seek a sentence reduction on behalf of a prisoner, nor does it define—or place any limits on—what "extraordinary and compelling reasons" might warrant such a reduction. The BOP, in other words, has broad discretion in its decision to move the court for a sentence modification under § 3582(c)(1)(A)(i).[1]

Based on this broad grant of discretion, a number of courts have determined that the BOP's decision regarding whether or not to file a motion for compassionate release is judicially unreviewable. *See Fernandez v. United States*, 941 F.2d 1488, 1493 (11th Cir. 1991) (holding that

---

[1] Crowe argues, on various grounds, that the breadth of discretion granted to the BOP by § 3582(c)(1)(A)(i) is unconstitutional. Crowe's arguments in this regard are frivolous and we decline to address them.

the BOP's decision whether to seek a compassionate release under the predecessor to § 3582(c)(1)(A)(i) was unreviewable); *Simmons v. Christensen*, 894 F.2d 1041, 1043 (9th Cir. 1990) (same); *Turner v. U.S. Parole Comm'n*, 810 F.2d 612, 615 (7th Cir. 1987) (same); *Crawford v. Woodring*, No. CV 08-362-GW, 2009 WL 6575082, at *6 (C.D. Cal. Dec. 11, 2009) (dismissing as unreviewable prisoner's § 2241 request for an order directing the BOP to move for early release under § 3582(c)(1)(A)(i)); *Gutierrez v. Anderson*, No. 06-1714, 2006 WL 3086892, at *4 (D. Minn. Oct. 30, 2006) (same); *see also Engle v. United States*, 26 F. App'x 394, 397 (6th Cir. 2001) (holding that the district courts lack "jurisdiction to *sua sponte* grant compassionate release" and that "[a] district court may not modify a defendant's federal sentence based on the defendant's ill health, except upon a motion from the Director of the Bureau of Prisons"). Consistent with these decisions, we hold that a federal court lacks authority to review a decision by the BOP to not seek a compassionate release for an inmate under § 3582(c)(1)(A)(i).

The judgment of the district court denying Crowe's petition for writ of habeas corpus is **AFFIRMED.**