NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 27, 2014
Decided December 3, 2014

**Before**

DIANE P. WOOD, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 14-2956

| | |
|---|---|
| GEORGE A. DELUCA, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Southern District of Indiana, Terre Haute Division. |
| *v.* | No. 2:14-cv-00211-JMS-WGH |
| LEANN LARIVA, *Defendant-Appellee*. | Jane Magnus-Stinson, *Judge*. |

**O R D E R**

In 1996 George DeLuca was convicted by a jury in federal district court in St. Louis, Missouri, of conspiracy to possess with intent to distribute cocaine and heroin, money laundering, and traveling interstate in aid of racketeering. Now 73 years old, DeLuca is currently serving his life sentence at the Federal Correctional Institution in Terre Haute, Indiana.

In 2013 DeLuca sought compassionate release under 18 U.S.C. § 3582(c)(1)(A), 28 C.F.R. § 571.61, and Bureau of Prisons Program Statement 5050.49. Section 3582, as relevant here, allows a sentencing court, on the motion of the Bureau of Prisons, to

modify a sentence for "extraordinary and compelling reasons." The BOP concludes in its Program Statement that advanced age can be an extraordinary or compelling reason to reduce a sentence. But DeLuca's request was denied because the warden concluded that his crimes involved violence and so he remained a danger to the community.

DeLuca challenged that decision within the BOP and when those appeals were unsuccessful brought suit in the Southern District of Indiana. His suit claimed that the BOP's decision not to move for compassionate release was unsupported by the record, and sought to have the court order the BOP to make the motion, or at least conduct a hearing on his request.

DeLuca's filing asserted both 28 U.S.C. § 2241 and the Administrative Procedure Act (APA), 5 U.S.C. §§ 701–06, as bases for relief. The district court, mindful of our frequent admonitions that a prisoner's choice of statute should be honored, *e.g.*, *Collins v. Holinka*, 510 F.3d 666, 667 (7th Cir. 2007), adjudicated DeLuca's filing as a petition for a writ of habeas corpus only. Noting that DeLuca did not assert any constitutional basis for release, and that in any case DeLuca's requested relief could be granted only by the Eastern District of Missouri, his sentencing court, the court denied DeLuca a writ of habeas corpus.

We think the better treatment of DeLuca's filing is as a claim for relief under the APA. He asserted, for instance, that the BOP's decision was "arbitrary and capricious," and we concluded in *Richmond v. Scibana*, 387 F.3d 602, 605–06 (7th Cir. 2004), that the APA was the appropriate vehicle to contest a decision about the "opportunity to be considered for release." That is what DeLuca does. His initial filing explicitly acknowledges that his sentencing court would not be bound to reduce his sentence, and asks only for the opportunity to be considered for compassionate release. And because DeLuca included a citation to the APA in his caption, our construction of his filing does no violence to the principle that a prisoner's invocation of a particular statute ought to be honored by the courts.

We need not remand to the district court for further consideration of DeLuca's claim, however, as we may affirm on any ground presented by the record. See *Thayer v. Chiczewski*, 705 F.3d 237, 247 (7th Cir. 2012). The record plainly shows that DeLuca is not entitled to any relief under the APA because the BOP's decision not to move the Eastern District of Missouri to reduce DeLuca's sentence is a judicially unreviewable decision. See *Turner v. U.S. Parole Comm'n*, 810 F.2d 612, 618 (7th Cir. 1987) (affirming dismissal of challenge to similar BOP decision under relevant pre-1984 statute). This is so because

there are no standards cabining the BOP's exercise of its statutorily-conferred discretion. See *Heckler v. Chaney*, 470 U.S. 821, 830 (1985) ("[E]ven where Congress has not affirmatively precluded review, review is not to be had if the statute is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion."). Section 3582 simply provides, without elaboration, that it is within the power of the Director of the Bureau of Prisons to move for a reduction in sentence on behalf of a prisoner. 18 U.S.C. § 3582(c)(1)(A). And while the BOP's interpretive Program Statement lists some factors the Bureau *may* consider in determining whether to move for compassionate release, that list is non-exhaustive and the Program Statement is bereft of any guidance regarding how to weigh the listed factors. See also *Crowe v. United States*, 430 F. App'x 484, 485 (6th Cir. 2011) (collecting cases applying rule of *Heckler* to claims regarding BOP's discretionary refusal to move for compassionate release).

We note in closing that our disposition of this appeal does not affect our jurisdiction. Some case law from the years following *Heckler* suggests that suits under the APA challenging unreviewable agency decisions fail to engage the federal courts' subject-matter jurisdiction. See, *e.g.*, *I.C.C. v. Bhd. of Locomotive Eng'rs*, 482 U.S. 270, 282, 287 (1987); *Arnow v. Nuclear Regulatory Comm'n*, 868 F.2d 223, 236 (7th Cir. 1989). But the Supreme Court consistently has reminded us jurisdictional rules are those involving "a court's power to hear a case," not simply rules which may foreclose a plaintiff from obtaining any relief. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514–16 (2006). The problem with challenges to unreviewable agency decisions, therefore, is not that federal courts lack the power to hear them, but that any such suit necessarily fails to state a claim for relief. See *Vahora v. Holder*, 626 F.3d 907, 917 (7th Cir. 2010); *Sierra Club v. Jackson*, 648 F.3d 848, 857 (D.C. Cir. 2011). For that reason, the judgment of the district court is

AFFIRMED.