ALD-169                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1045
_____

LEONIDAS R. FIELDS,
                                        Appellant

v.

WARDEN ALLENWOOD USP
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3:15-cv-00516)
District Judge:  Honorable Richard P. Conaboy

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 23, 2017

Before:  McKEE, JORDAN and RESTREPO, Circuit Judges

(Opinion filed: April 4, 2017)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Leonidas Fields, a federal prisoner, appeals from the District Court's order dismissing his habeas corpus petition filed under 28 U.S.C. § 2241. For the reasons below, we will summarily affirm.

I.

In 1975, Fields received a life sentence following his conviction for the murder of a federal corrections officer.[1] In 2015, Fields filed the habeas petition at issue in this appeal. In the petition, he sought an end to hourly security checks, the benefit of compassionate release, and release on parole. The District Court dismissed the petition.

First, the District Court determined that Fields must pursue his claims about the security checks in a civil rights action, not a habeas petition. Second, the District Court concluded that it did not have jurisdiction to consider Fields's request for compassionate release. Finally, the District Court determined that the U.S. Parole Commission did not err in its denial of parole. With regard to the last finding, the District Court determined that even if the parole statute applied to Fields's case, the Parole Commission's reliance on Fields's slaying of a corrections officer was not an abuse of discretion. Fields appeals.[2]

---

[1] At the time of the homicide, Fields was serving a sentence for a federal bank robbery case.

[2] He also requests that we appoint counsel to represent him on appeal.

2

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we exercise plenary review over the District Court's legal conclusions. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). We may summarily affirm if there is no substantial question presented by the appeal. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

## III.

The District Court properly determined that § 2241 is not the proper vehicle for Fields to challenge the security checks. For such a claim to be cognizable under § 2241, the checks would have to "concern the execution of [Fields's] sentence," which requires that the Federal Bureau of Prison's ("BOP") "conduct was somehow inconsistent with a command or recommendation in the sentencing judgment," or that the checks "*necessarily* result[ed] in a change to the duration of his sentence." Cardona v. Bledsoe, 681 F.3d 533, 537 (3d Cir. 2012); see also Leamer v. Fauver, 288 F.3d 532, 542-44 (3d Cir. 2002) (holding that a civil rights action is appropriate to challenge conditions of confinement when a finding in plaintiff's favor would not alter the sentence or undo the conviction). Fields's petition alleged neither that the checks affected the duration of his sentence nor that the checks were inconsistent with the sentencing judgment. Accordingly, the District Court properly dismissed this claim.

The District Court also correctly decided Fields's "compassionate release" claim. Under 18 U.S.C. § 3582(c)(1)(A)(i), a term of imprisonment can be reduced if

"extraordinary and compelling reasons warrant such a reduction," but only upon "motion of the Director of the Bureau of Prisons." As the District Court indicated, courts have generally held that the BOP's decision to file a motion under § 3582(c)(1)(A)(i) or its predecessor is not judicially reviewable. See, e.g., Fernandez v. United States, 941 F.2d 1488, 1493 (11th Cir. 1991). The statute plainly vests the decision to pursue relief solely with the BOP.

Next, we address Fields's claim that he has been improperly denied parole. Although the District Court is correct that review in such cases is limited, federal courts retain the ability to determine whether a rational basis exists for the denial of parole and whether the Commission followed the applicable regulations. See Furnari v. Warden, Allenwood Fed. Corr. Inst., 218 F.3d 250, 254 (3d Cir. 2000); see also Gambino v. Morris, 134 F.3d 156, 160 (3d Cir. 1998).

Fields argues that he has been unlawfully denied mandatory parole. We disagree. Under 18 U.S.C. § 4206(d) (repealed), a federal prisoner will be released on mandatory parole unless the Parole Commission "determines that he has seriously or frequently violated institution rules and regulations or that there is a reasonable probability that he will commit any Federal, State, or local crime." For an inmate serving a life sentence or greater than 45 years, the mandatory parole date comes after serving two-thirds of his sentence or 30 years, whichever is earlier. Id. Assuming without deciding that this provision, which was enacted after Fields's conviction, applies to his case, the District Court did not err in its review of the Parole Commission's denial of parole. As the

4

District Court determined, the Commission's reliance on Fields's prison homicide did not constitute an abuse of discretion because such an offense qualifies as a serious violation of institution rules.[3]  Finally, despite Fields's argument to the contrary, there is no evidence in the record that the District Judge reached this conclusion because he was biased against Fields.

IV.

Accordingly, we will affirm the judgment of the District Court.[4]

---

[3] Before this Court, Fields asserts that in an earlier proceeding the District Court told the BOP to release him expeditiously.  Fields, however, misreads the District Court's 2010 opinion.  The District Court simply urged the Parole Commission to consider Fields's eligibility for parole promptly.  That decision specifically noted that "[t]here may well be adequate reasons for denying Petitioner parole[.]"

[4] Fields's request for the appointment of counsel is denied.