**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 22, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

GABRIEL RODRIGUEZ-AGUIRRE,

      Petitioner - Appellant,

v.

R. HUDGINS, Warden; KEN HYLE,
Acting Assistant Director/General Counsel,

      Respondents - Appellees.

No. 18-1034
(D.C. No. 1:17-CV-02940-LTB)
(D. Colorado)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **HARTZ**, and **McHUGH**, Circuit Judges.
_____

      Gabriel Rodriguez-Aguirre, proceeding pro se, appeals the district court's

order dismissing his requests for relief under 18 U.S.C. § 3582(c)(1)(A), 28 U.S.C.

§ 2241, and 28 U.S.C. § 1651. While we grant Mr. Rodriguez-Aguirre's motion to

proceed in forma pauperis, we affirm the district court's order of dismissal.

_____

      [*] After examining Mr. Rodriguez-Aguirre's opening brief and the appellate
record, this panel has determined unanimously that oral argument would not
materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2)(A),
(C); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral
argument. This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

In 1994, a jury convicted Mr. Rodriguez-Aguirre of various drug trafficking and money laundering offenses. Mr. Rodriguez-Aguirre was sentenced to thirty years' imprisonment for these offenses. At the time he instituted this action, Mr. Rodriguez-Aguirre was seventy-two years old, had served almost twenty-three years of his sentence, and was serving the remaining part of his sentence in a minimum security facility with community custody. In 2017, Mr. Rodriguez-Aguirre submitted a compassionate release/reduction in sentence request based on being an elderly inmate. Defendant Ken Hyle, Acting Assistant Director/General Counsel of the Bureau of Prisons, denied the request. The denial letter cited Mr. Rodriguez-Aguirre's leadership role in the offenses, the large quantities of marijuana and cocaine involved in the offenses, and the nearly two million dollars of proceeds derived from the offenses and concluded that a sentence reduction would improperly minimize the seriousness of the offenses.

Mr. Rodriguez-Aguirre initiated this action to challenge the denial of his compassionate release/reduction in sentence request, arguing that Defendant Hyle abused his discretion in denying the request and failed to provide a written statement of reasons for the denial. The district court dismissed Mr. Rodriguez-Aguirre's action because (1) Mr. Rodriguez-Aguirre did not challenge the legality of his conviction or sentence for purposes of 28 U.S.C. § 2241; (2) the district court lacked the authority to entertain his request for relief under 18 U.S.C. § 3582(c)(1)(A); and (3) Defendant Hyle did provide a written statement of reasons. On appeal, Mr. Rodriguez-Aguirre

2

renews his challenges to the BOP's denial of his compassionate release/reduction in sentence request.

Section 3582(c) of Title 18 provides a limited set of circumstances under which a sentencing court may modify a defendant's term of imprisonment. Under clause (1)(A) of the section, a sentencing court:

> *upon motion of the Director of the Bureau of Prisons*, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
> (i) extraordinary and compelling reasons warrant such a reduction[.]

18 U.S.C. § 3582(c)(1)(A) (emphasis added).[1] The emphasized language makes a motion by the BOP a necessary prerequisite for a court to reduce a sentence based on compassionate release under § 3582(c)(1)(A). *See Cruz-Pagan v. Warden, FCC Coleman-Low*, 486 F. App'x 77, 79 (11th Cir. 2012) ("The plain meaning of [§ 3582(c)(1)(A)] requires a motion by the Director [of the BOP] as a condition precedent to the district court before it can reduce a term of imprisonment."). Section 3582(c)(1)(A) gives the BOP absolute discretion regarding whether to file a motion, and the BOP's denial of a defendant's compassionate release/reduction in sentence

---

[1] On appeal, Mr. Rodriguez-Aguirre suggests that his compassionate release/reduction in sentence request arose under 18 U.S.C. § 3582(c)(1)(A)(ii), not (c)(1)(A)(i). But, the provision Mr. Rodriguez-Aguirre cites only affords relief to a defendant who "has served at least 30 years in prison." 18 U.S.C. § 3582(c)(1)(A)(ii). Accordingly, where Mr. Rodriguez-Aguirre has not served thirty years in prison, the only provision that might provide him a path to a compassionate release, reduction in sentence is § 3582(c)(1)(A)(i).

3

request and declination to file a motion is not a judicially reviewable decision. *See Fields v. Warden Allenwood USP*, 684 F. App'x 121, 123 (3d Cir. 2017) (holding that BOP decision not to file motion is not judicially reviewable and that § 3582(c)(1)(A) "plainly vests the decision to pursue relief *solely* with the BOP." (emphasis added)); *DeLuca v. Lariva*, 586 F. App'x 239, 240–41 (7th Cir. 2014) (holding that BOP decision not to file motion "is a judicially unreviewable decision" and stating "there are no standards cabining the BOP's exercise of its statutorily-conferred discretion"); *see also Crowe v. United States*, 430 F. App'x 484, 485 (6th Cir. 2011) (collecting cases holding that BOP's decision not to file motion is not subject to judicial review). Accordingly, where the BOP decided not to file a motion and that decision is unreviewable, the district court correctly determined that it lacked the authority to provide Mr. Rodriguez-Aguirre any relief under 18 U.S.C. § 3582(c)(1)(A).[2]

As for Mr. Rodriguez-Aguirre's request under 28 U.S.C. §§ 1651, 2241 that the district court compel Defendant Hyle to provide a written statement explaining the BOP's denial of the compassionate release/reduction in sentence request, the exhibits submitted by Mr. Rodriguez-Aguirre reveal that Defendant Hyle did provide Mr. Rodriguez-Aguirre with a written statement of reasons. *See* ROA at 80–81 (Exhibit J to Mr. Rodriguez-Aguirre's initial filing in the district court). And while

_____

[2] Additionally, the district court lacked authority to entertain Mr. Rodriguez-Aguirre's request for relief under 18 U.S.C. § 3582(c)(1)(A) because he filed his request in the district in which he is currently confined rather than in the district that imposed his sentence. *See Braswell v. Gallegos*, 82 F. App'x 633, 635 (10th Cir. 2003) ("Because a motion filed under § 3582 requests modification of a sentence, it follows that such a motion must be filed in the district court which imposed the sentence.").

4

Mr. Rodriguez-Aguirre protests that the written statement cites factors relied on by the sentencing court when imposing his sentence, § 3582(c)(1)(A) requires consideration of the sentencing factors set out in 18 U.S.C. § 3553(a) relative to whether a sentence reduction is ultimately appropriate. Thus, even if the BOP's denial of a compassionate release/reduction in sentence request was subject to judicial review, the BOP would not abuse its discretion by relying on the seriousness of a defendant's offense to deny a request because the seriousness of the offense is a factor listed in § 3553(a). *See* 18 U.S.C. § 3553(a)(2)(A). In summation, the district court correctly determined that Mr. Rodriguez-Aguirre was not entitled to any relief under 28 U.S.C. §§ 1651, 2241.

While we **GRANT** Mr. Rodriguez-Aguirre's motion to proceed in forma pauperis, we **AFFIRM** the district court's order of dismissal.

Entered for the Court


Carolyn B. McHugh
Circuit Judge