ALD-153                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 17-3613

_____

RONALD N. TOTARO,
                                    Appellant

v.

WARDEN FORT DIX FCI; FEDERAL BUREAU OF PRISONS

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1-17-cv-06458)
District Judge:  Honorable Renée M. Bumb

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 15, 2018

Before:   MCKEE, VANASKIE and SCIRICA, Circuit Judges

(Opinion filed:  August 6, 2018)

_____

OPINION[*]

_____

PER CURIAM

        Federal prisoner Ronald Totaro appeals pro se from the order of the United States

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

District Court for the District of New Jersey ("the DNJ") dismissing his habeas petition filed pursuant to 28 U.S.C. § 2241. For the reasons that follow, we will modify that order and summarily affirm it as modified.

I.

In 2001, the United States District Court for the District of South Dakota sentenced Totaro to 30 years in prison following his conviction for racketeering, money laundering, and other offenses. Totaro, who is now 76 years old, is currently serving that sentence in a federal prison in New Jersey. In June 2017, he asked the Bureau of Prisons ("the BOP") to file a motion for "compassionate release" on his behalf. When the BOP files such a motion, the sentencing court may reduce the prisoner's sentence if the court finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). Totaro argued that he was entitled to compassionate release in light of the United States Sentencing Commission's 2016 amendment to the application notes undergirding its policy statement on § 3582(c)(1)(A) sentence reductions. See U.S.S.G. § 1B1.13. There, the Sentencing Commission now "encourages" the BOP to file a motion for compassionate release if, inter alia, the prisoner is at least 65 years old and "has served at least 10 years or 75 percent of his or her term of imprisonment, *whichever is less*." Id. cmt. n.1(B) (emphasis added); see id. cmt. n.4.

In August 2017, the warden of Totaro's prison denied his request for compassionate release. The warden explained that the BOP had not adopted, and was not bound by, the Sentencing Commission's recommendation, and that Totaro's request was

2

instead governed by BOP Program Statement 5050.49. That program statement provides, in pertinent part, that a prisoner who is at least 65 years old may be considered for compassionate release if he has "served the *greater* of 10 years or 75% of [his prison] term." Fed. Bureau of Prisons Program Statement 5050.49, at § 4(c) (emphasis added). Totaro does not meet this requirement, for he has yet to serve 75 percent of his 30-year sentence.

Totaro subsequently filed a pro se habeas petition in the DNJ pursuant to § 2241, effectively seeking to compel the BOP to abandon the standard for compassionate release set forth in its program statement in favor of the more prisoner-friendly standard outlined by the Sentencing Commission. On November 17, 2017, the DNJ dismissed Totaro's habeas petition based on his failure to exhaust his administrative remedies. This timely appeal followed.

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. §§ 1291 and 2253(a).[1] In reviewing the DNJ's order dismissing Totaro's habeas petition, we exercise plenary review over the DNJ's legal conclusions and review its factual findings for clear error. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). We may affirm that order on any basis supported by the record, see Murray v. Bledsoe,

---

[1] Totaro does not need a certificate of appealability to proceed with this appeal. See United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000) (en banc), abrogated on other grounds by Gonzalez v. Thaler, 565 U.S. 134 (2012).

650 F.3d 246, 247 (3d Cir. 2011) (per curiam), and we may take summary action if this appeal fails to present a substantial question, see 3d Cir. I.O.P. 10.6.

"Federal prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to § 2241." Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). However, exhaustion may be excused when "the purposes of exhaustion would not be served . . . by requiring [the prisoner] to exhaust his administrative remedies." Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 239 n.2 (3d Cir. 2005). Given that Totaro is challenging the validity of the BOP's program statement (as opposed to its application), we conclude that the purposes of exhaustion would not be served by requiring exhaustion here. Cf. id. (holding that the district court properly excused exhaustion because the petitioner was challenging not the application of the BOP's regulations, but rather their validity).

Although we conclude that it would be appropriate to excuse the exhaustion requirement in this case, there is no need to remand Totaro's habeas petition to the DNJ for further proceedings because the petition clearly fails on the merits.[2] His argument that the BOP was required to adopt the standards for compassionate release set forth in the Sentencing Commission's 2016 amendment is directly at odds with the plain language of that very amendment. As we highlighted earlier, that amendment merely

_____

[2] Shortly after the DNJ dismissed Totaro's § 2241 petition, he exhausted his claim before the BOP (Totaro's final administrative appeal was denied for the same reasons given by his warden). Although the DNJ's dismissal order implied that Totaro could refile his petition once he exhausted his administrative remedies, our ruling here renders that course of action unnecessary.

4

"encourages" the BOP to file a motion for compassionate release when the standards outlined by the Sentencing Commission are met. See U.S.S.G. § 1B1.13 cmt. n.4. Furthermore, the Sentencing Commission has expressly stated that section 1B1.13 "is not legally binding on the [BOP] and does not confer any rights on the defendant." U.S.S.G. suppl. to app. C, amend. 799, at 136. Totaro has failed to show that the BOP's decision not to follow the Sentencing Commission's recommendation entitles him to habeas relief.

In light of the above, we will (1) modify the DNJ's November 17, 2017 order so that it denies, with prejudice, Totaro's habeas petition on the merits, and (2) summarily affirm that order as modified.[3] Totaro's request to amend his motion for bail pending the disposition of this appeal is granted; however, the motion itself is denied as amended. See Landano v. Rafferty, 970 F.2d 1230, 1238 (3d Cir. 1992) (indicating that "extraordinary circumstances" must be present to grant bail pending review of a habeas petition). To the extent that Totaro seeks any other relief from this Court, that relief is denied.

---

[3] Some courts have determined that the BOP's discretionary decision regarding whether to file a motion for compassionate release is not subject to judicial review. See Crowe v. United States, 430 F. App'x 484, 485 (6th Cir. 2011) (non-precedential per curiam opinion) (collecting cases). We need not decide that issue here, for we read Totaro's habeas petition as challenging not the exercise of the BOP's discretion, but rather the BOP's refusal to adopt what Totaro (erroneously) believes is the required legal standard for its compassionate-release determinations.