[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-12295
Non-Argument Calendar
_____

D.C. Docket No. 5:13-cv-00181-WTH-PRL


LONNIE BERNARD DAVIS,

Petitioner-Appellant,

versus

WARDEN, FCC COLEMAN - USP I,

Respondent-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 8, 2016)

Before TJOFLAT, JORDAN and JULIE CARNES, Circuit Judges.

PER CURIAM:

Lonnie Davis, a federal prisoner proceeding *pro se*, appeals the district court's order dismissing without prejudice his 28 U.S.C. § 2241 habeas corpus petition. Davis argues that the district court erred by dismissing his § 2241 petition based on its determination that he failed to exhaust his administrative remedies.

We review *de novo* the district court's denial of habeas relief under § 2241. *Bowers v. Keller*, 651 F.3d 1277, 1291 (11th Cir. 2011) (per curiam). A district court's factual findings are reviewed for clear error. *Id.* We liberally construe *pro se* pleadings. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam).

Additionally, we may construe a district court's dismissal as a denial if the distinction "makes no significant difference." *Cani v. United States*, 331 F.3d 1210, 1216 (11th Cir. 2003) (construing a district court's dismissal for lack of subject-matter jurisdiction as a denial on the merits, and affirming); *see also Boda v. United States*, 698 F.2d 1174, 1177 (11th Cir. 1983) (affirming the dismissal of the civil suit, but modifying it so as to rest on an absence of jurisdiction).

A § 2241 petition may properly proceed where the petitioner challenges the *execution* of his sentence. *See Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 (11th Cir. 2008) (explaining that challenges to the execution of a sentence are cognizable under § 2241). However, the petitioner must exhaust available

administrative remedies before he can obtain relief. *Santiago-Lugo v. Warden*, 785

F.3d 467, 474–75 (11th Cir. 2015). A prisoner seeking relief under § 2241 was

previously required to exhaust his administrative remedies as a jurisdictional

prerequisite to suit. *Skinner v. Wiley*, 355 F.3d 1293, 1295 (11th Cir. 2004) (per

curiam), *abrogated by Santiago-Lugo*, 785 F.3d at 471, 474–75, 474 n.5; *see also*

*Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir. 1992) (per curiam),

*abrogated by Santiago-Lugo*, 785 F.3d at 471, 474–75. In *Santiago-Lugo*, we

held that the administrative-exhaustion requirement was judge-made, rather than

jurisdictional. *Santiago-Lugo*, 785 F.3d at 474–75. Nevertheless, we emphasized

that "[t]he [administrative] exhaustion requirement is still a requirement; it's just

not a jurisdictional one." *Id.* at 475. In order to properly exhaust administrative

remedies, a petitioner must comply with an agency's deadlines and procedural

rules. *See Woodford v. Ngo*, 548 U.S. 81, 90–91, 126 S. Ct. 2378, 2386, 165

L. Ed. 2d 368 (2006) (addressing the exhaustion requirement in the Prison

Litigation Reform Act).

Pursuant to the Bureau of Prisons (BOP's) Administrative Remedy Program,

an inmate can "seek formal review of an issue relating to any aspect of" his

confinement. 28 C.F.R. § 542.10(a). An appeal of a hearing officer's decision

"shall be submitted initially to the Regional Director for the region where the

inmate is currently located." *Id.* § 542.14(d)(2). An inmate must submit his appeal

to the appropriate Regional Director "within 20 calendar days" of the date that the formal administrative decision was signed. *Id.* § 542.15(a). If not satisfied with the Regional Director's resolution, the inmate may then submit an appeal to the General Counsel within thirty calendar days of the date on which the Regional Director signed the response. *Id.* Time limits may be extended, however, when the inmate demonstrates a valid reason for the delay. *Id.* Valid reasons include an extended period during which an inmate was in transit or was physically incapable of preparing the appeal. *Id.* §§ 542.15(a), 542.14(b). Appeal to the General Counsel is the final administrative appeal. *Id.* § 542.15(a).

Here, the district court did not err by dismissing Davis's § 2241 petition without prejudice based on its determination that he failed to exhaust his administrative remedies. Grounds One and Two of Davis's petition challenged the disciplinary action taken against him in 2011 as a result of the disciplinary hearing officer's ("DHO") determination that he possessed a prohibited weapon. Although the signed DHO report was delivered to Davis on February 17, 2011, Davis did not submit his appeal to the Regional Director until March 15, 2011. Accordingly, the Regional Office rejected his appeal as untimely, as it was not filed within twenty days of February 17. *See* 28 C.F.R. §§ 542.15(a), 542.14(d)(2). Nevertheless, because the time for filing an appeal may be extended for a "valid reason," the Regional Office advised Davis to resubmit his appeal within ten days, and to

provide a staff memo on BOP letterhead verifying that the untimeliness was not his fault. *See* 28 C.F.R. § 542.14(b). Although the Regional Office rejected Davis's initial appeal on April 4, 2011, Davis did not resubmit his appeal—sans explanatory staff memo—until more than a month later, on May 18. Accordingly, the Regional Office once again rejected Davis's appeal as untimely, and advised him to appeal to the Central Office. Although Davis received this rejection notice in June 2011, he did not file an appeal with the Central Office until August 2011, more than thirty days after the regional office rejected his appeal. Accordingly, the record reveals that the BOP correctly rejected Davis's Regional Office and Central Office appeals as untimely under 28 C.F.R. § 542.15(a), and the district court did not err by denying Grounds One and Two of Davis's habeas petition based on its conclusion that he failed to exhaust his administrative remedies.

In Ground Three of his § 2241 petition, Davis apparently contends that he could have provided the Regional Office with the requested staff memo within ten days of April 4, 2011, if the prison's unit manager had not improperly denied his request. Essentially, Davis contends that he was entitled to a staff memo explaining that his initial regional appeal was untimely because he was indigent and unable to obtain access to stamps. However, regardless of whether Davis was indigent or not, the record reveals that he obtained stamps on February 18, 2011, the day after he received notice of the DHO report and within the timeframe for

5

filing his regional appeal. Accordingly, the actions of the prison's unit manager did not affect Davis's ability to timely file his regional appeal, and Ground Three of Davis's § 2241 petition does not articulate any valid reason for the delay in filing his initial appeal in the Regional Office, or his initial appeal to the Central Office. Moreover, to the extent that Ground Three asserted a First Amendment retaliation claim, such a claim was not cognizable in a § 2241 proceeding because it did not challenge the execution of Davis's sentence. *See Antonelli*, 542 F.3d at 1352.[1]

Accordingly, the district court properly determined that Davis failed to exhaust his administrative remedies. However, because the failure to exhaust administrative remedies is no longer a jurisdictional prerequisite to suit, we construe the district court's dismissal as a denial, and affirm with that understanding because the distinction makes no significant difference in this case. *See Santiago-Lugo*, 785 F.3d at 474–75; *see also Cani*, 331 F.3d at 1216.

AFFIRMED.

---

[1] Davis also raised a fourth claim—alleging that his Eighth Amendment rights were violated by the arbitrary enforcement of prison discipline—which the district court ultimately rejected. Because Davis does not refer to that claim on appeal, any issue in that respect is abandoned. *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004) (holding that, if an appellant does not present a legal claim or argument in his initial brief, that argument is deemed abandoned).