[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-12624
Non-Argument Calendar

_____

D.C. Docket No. 5:20-cv-00229-WFJ-PRL

MARSHALL DEWAYNE WILLIAMS,

Petitioner-Appellant,

versus

FCC COLEMAN WARDEN,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 3, 2021)

Before MARTIN, JORDAN, and BRANCH, Circuit Judges.

MARTIN, Circuit Judge:

Marshall DeWayne Williams, a federal prisoner proceeding pro se, appeals the denial of his motion for leave to proceed in forma pauperis in his 28 U.S.C. § 2241 proceedings. On appeal, Williams argues that the $5.00 filing fee required by the district court's application of Middle District of Florida Local Rule 4.14(b) is not jurisdictional and that the district court should have waived the fee because it is not "actually worth recovering or delaying the [litigation] process." He also argues, for the first time on appeal, that he was entitled to notice that he would be subject to Rule 4.14. After careful review, we vacate and remand for further proceedings.

We review the district court's application of its local rules for an abuse of discretion. Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1302 (11th Cir. 2009). "We give great deference to a district court's interpretation of its local rules." Reese v. Herbert, 527 F.3d 1253, 1267 n.22 (11th Cir. 2008) (quotation marks omitted and alteration adopted). To meet the abuse of discretion standard in this context, the party must show that the district court made a clear error of judgment. Mann, 588 F.3d at 1302.

In May 2020, Williams filed a habeas petition under § 2241 as well as a motion to proceed in forma pauperis. In ruling on Williams's motion to proceed in forma pauperis, the magistrate judge explained that the district court has the authority, under Rule 4.14(b), to "order, as a condition to allowing the case to

2

proceed, that the $5.00 filing fee be paid by the petitioner if it appears that he has $25.00 or more to his credit in his inmate account." Because Williams's prisoner account had a balance of $30.45, the magistrate judge denied him leave to proceed in forma pauperis and ordered him to pay the $5.00 filing fee.

At the time Williams filed his § 2241 petition, the Middle District of Florida's Local Rule 4.14, which was titled "Proceedings Under 28 U.S.C. Sections 2254 and 2255," also allowed the district court to collect certain fees from habeas petitioners. The Rule stated:

> In proceedings instituted in forma pauperis under 28 U.S.C. Section 2254 and 42 U.S.C. Section 1983 by persons in custody, the Court may order, as a condition to allowing the case to proceed, that the Clerk's and Marshal's fees be paid by the petitioner if it appears that he has $25.00 or more to his credit (in Section 2254 cases), or $120.00 or more to his credit (in Section 1983 cases), in any account maintained for him by custodial authorities.

M.D. Fla. R. 4.14(b) (2020). The Middle District of Florida's revised rule (effective February 1, 2021), titled "Action by a Person in Custody," lists "an application under 28 U.S.C. § 2241" as one such filing that qualifies as an "in forma pauperis action by a person in custody" in which the district court can order the petitioner to pay the clerk's and the marshal's fee. M.D. Fla. R. 6.04.

However, the plain language of Rule 4.14(b) does not require the petitioner to pay the $5.00 "filing fee." Rather, it authorizes the district court to order a petitioner to pay, "as a condition to allowing the case to proceed, . . . the Clerk's

3

and Marshal's fees." M.D. Fla. R. 4.14(b) (2020) (emphasis added). The Middle District of Florida Local Rules use the terms "filing fee" and "clerk's fee" or "marshal's fee" differently. Compare M.D. Fla. R. 1.03(e) (2020) ("The Clerk shall accept for filing all prisoner cases filed with or without the required filing fee or application to proceed in forma pauperis.") with M.D. Fla. R. 4.07(a) (2020) ("The Court . . . may enter such other orders as shall seem appropriate . . . , including an order that the party seeking leave to proceed in forma pauperis shall pay a stated portion of the Clerk's and/or Marshal's fees within a prescribed time, failing which the action may be dismissed without prejudice."); see also Fees, United States District Court Middle District of Florida, https://www.flmd.uscourts.gov/fees-table (last visited May 26, 2021) (listing fees for habeas filing separate from fees to have the clerk search the court record).

In fact, the Middle District of Florida's Local Rules do not impose any $5.00 filing fee. That filing fee comes from 28 U.S.C. § 1914(a), which states that the cost for filing an application for a writ of habeas corpus is $5.00. The Prison Litigation Reform Act of 1995 ("PLRA") imposes filing fee payment obligations on incarcerated prisoners who bring a "civil action" or an appeal of a "civil action." See 28 U.S.C. § 1915(a)(2), (b)(1). But while a petition for a writ of habeas corpus has long been considered a civil action for procedural purposes, Smith v. Bennett, 365 U.S. 708, 712, 81 S. Ct. 895, 897 (1961), this Court has held

4

that the filing fee provisions of the PLRA do not apply in habeas proceedings.[1]

See Anderson v. Singletary, 111 F.3d 801, 806 (11th Cir. 1997) ("It is not likely

that Congress would have wished the elaborate procedures of the PLRA to apply to

a habeas corpus petition just to assure the partial, monthly payments of a $5 filing

fee." (quotation marks omitted)).

The plain text of Rule 4.14 does not impose, "as a condition to allowing the

case to proceed," that a prisoner pay the $5.00 fee for filing a habeas petition "if it

appears that he has $25.00 or more" in his prisoner account.[2]  As a result, the

magistrate judge made a clear error of judgment by relying on Rule 4.14 to require

Williams to pay a $5.00 filing fee and denying Williams's motion to proceed in

forma pauperis simply because he had more than $25.00 in his prisoner account.

Mann, 588 F.3d at 1302.  And, even if Williams had been granted in forma

pauperis status, he would not have been required to pay the $5.00 filing fee.  See

Anderson, 111 F.3d at 806; Wilson v. Sargent, 313 F.3d 1315, 1318 (11th Cir.

---

[1] This is because "(1) habeas petitions are not traditional civil actions; (2) Congress designed the PLRA to reduce frivolous civil actions from prisoners; and (3) the Antiterrorism and Effective Death Penalty Act (AEDPA), which affects habeas petitions and motions to vacate, was enacted two days after the PLRA."  Skinner v. Wiley, 355 F.3d 1293, 1294 (11th Cir. 2004) (per curiam), abrogated on other grounds as recognized by Davis v. Warden, FCC Coleman-USP I, 661 F. App'x 561, 562 (11th Cir. 2015) (per curiam) (unpublished).

[2] It is also worth noting that the version of Rule 4.14 in effect at the time Williams's motion for leave to proceed in forma pauperis was pending did not expressly apply to § 2241 petitions.  See M.D. Fla. R. 4.14(b) (2020).

2002) (per curiam) ("[W]e consider <u>de novo</u> the legal issue of whether the PLRA requires all inmates, even indigent ones, to pay filing fees.").

The district court's order denying Williams's motion to proceed <u>in forma pauperis</u> is **VACATED** and **REMANDED** for further proceedings.[3]

---

[3] We decline to decide Williams's argument that he lacked notice that Rule 4.14 would apply to his § 2241 petition for two reasons.  First, as discussed above, it is clear the district court abused its discretion in applying this rule to Williams.  Second, Williams waived his notice arguments by raising them for the first time on appeal.  <u>Access Now, Inc., v. Sw. Airlines Co.</u>, 385 F.3d 1324, 1331 (11th Cir. 2004).

6

BRANCH, Circuit Judge, dissenting:

Because I do not believe the district court abused its discretion, I respectfully dissent.